## LAVIER vs. THE CENTRAL RAILROAD.

1. The judgment of the court below granting a new trial may be reviewed by this court, but the reasons which actuated him in granting a new trial cannot be reviewed.
2. This being the first grant of a new trial, and the judge not having abused his discretion, this court will not interfere.
3. In a suit by a widow for the homicide of her husband by a railroad, the question of the defendant's negligence, or whether the deceased could have avoided the consequences to himself of defendant's negligence by the use of ordinary diligence, or how far the deceased contributed to the injury by his own neglect, are questions alone for the jury.
(a.) The case of the *Georgia Railroad vs. Neely*, 56 *Ga.*, 540, approved.

December 21, 1883.

Practice in Supreme Court.	New Trial.	Railroads. Damages.	Negligence.	Before Judge HARDEN.	City Court of Savannah.	November Term, 1882.

Mrs. Lavier brought suit against the Central Railroad for the homicide of her husband caused by the running of its engine and cars.	The jury found for the plaintiff $6,000.00.	Defendant moved for a new trial because of alleged errors in the charge, because the verdict was contrary to law and evidence, and because the damages were excessive.

The presiding judge wrote an opinion of some length, discussing the various grounds of the motion.	He commented unfavorably upon the exceptions to the charge, and reasoned that they were not well taken, but he discussed the exceptions to the verdict favorably, and reasoned that the verdict was not sustained by the evidence, or, at least, was excessive.	He concluded thus: " For these reasons, the motion is sustained, and the new trial is granted." Plaintiff excepted, and assigned error in the grant of the new trial, in the holding of the judge that the verdict was not sustained and should have been for the defendant, and in holding that Lavier must have known that the engine was approaching him.

LESTER & RAVENEL, for plaintiff in error.

A. R. LAWTON, for defendant in error.

BLANDFORD, Justice.

The plaintiff in error brought her action against defendant to recover damages for the homicide of her husband; the jury found a verdict for the plaintiff; the defendant moved the court for a new trial on several grounds; the court granted the new trial on the grounds generally, but the judge who heard the same gave his reasons at length for granting the new trial.

The reasons of the judge for his action in granting the new trial cannot be reviewed by this court. The judgment of the court granting the new trial can alone be reviewed here, and as this is the first grant of a new trial in this case, it falls within the oft-repeated rulings of this court, that the first grant of a new trial will not be interfered with unless the discretion of the court below has been abused, and this is all we decide; nothing else is *res adjudicata.* We do not consider the reasons which the judge gave for granting the new trial, and they are not affirmed, and we express no opinion as to the evidence, as the case will have to undergo another trial.

The question of the defendant's negligence, or whether the plaintiff's husband could have avoided the consequences of defendant's negligence to himself by the use of ordinary diligence, or how far plaintiff's husband contributed to the injury by his own neglect, are questions alone for the jury, under the evidence. The law upon these subjects is fully settled in the case of the *Georgia Railroad vs. Neely,* 56 *Ga.,* 540, and the decision there rendered we approve, and declare to be the law of this state.

Judgment affirmed.