THE ROME RAILROAD COMPANY *v.* BARNETT.

1. A declaration against a railroad company for the homicide of plaintiff's husband which alleged, after describing the manner of the homicide, that the acts complained of constitute gross negligence on the part of the company, its agents, servants and employees, and that said gross negligence caused the death, was amendable by striking therefrom an allegation that "the engineer on said engine was looking, not at the track in front, but towards the firemen, who was on the opposite side of the engine," and inserting an allegation that "said engineer could have seen said Barnett and lumber, and did see them, in time to have stopped before reaching them, but failed to do so, and failed to give any signal, and made no effort to stop before reaching said lumber and said Barnett." Both before and after being amended, the declaration in this case set forth a cause of action. The amendment did not introduce a new cause, but only varied the statement of particulars of which the cause of action, to wit the homicide of the plaintiff's husband, consisted.

2. Under the declaration and the evidence, the plaintiff could recover only in case the homicide was willful on the part of the company's engineer, or the result of such gross negligence and recklessness as would be equivalent to a willful homicide.

3. Inasmuch as the evidence showed that the plaintiff's husband could have protected himself by the use of ordinary care, the doctrine of liability on the part of the railroad company for mere negligence has no application to the real merits of the case. Consequently, a new trial is ordered, with direction that the liability or non-liability of the company be made to turn upon the question whether the engineer either willfully or recklessly ran the cars against the plaintiff's husband, and thereby caused his death.                    *Judgment reversed, with direction.*

August 1, 1892.

Railroads. Negligence. Amendment. Before Judge Maddox. Floyd superior court. March term, 1891.

Action by the wife of Barnett, against the railroad company, for damages from the homicide of her husband. The material allegations of the declaration were as follows: On March 6th, 1889, Barnett, who was. an employee of Patton, was assorting and removing lumber near a side-track of the railroad company in Rome, which side-track was situated near Patton's shop. The lumber had been consigned to Patton, and was unloaded and placed on the ground very near to the side-track of the railroad on the morning of the day named. It had always been the custom of the railroad company to allow lumber consigned to Patton to be unloaded and placed near the side-track until it could be assorted and removed. The car containing the lumber had stopped on a track adjoining the side-track, at or very near the switch. On that morning the lumber had been unloaded from the car by Barnett and others, as had been customary, and placed very near to a side-track adjoining the track on which the car with the lumber was standing when unloaded. The side-track near which the lumber lay after it had been unloaded had not been used in any way on the day named, and the switch leading to it was closed.

The switch was near the place where the lumber lay. All of the tracks and side-tracks belonged to the railroad company. Barnett had no notice that the side-track was to be used. While he was at work assorting and removing the lumber, the switch was suddenly opened without his knowledge and without the slightest notice to him. A box-car, eight inches wider than the ordinary box-car, and propelled from behind by an engine of the railroad company, entered at a very rapid rate of speed upon the side-track near which the lumber lay and Barnett was working. The engineer on said engine was looking, not at the track in front, but towards the fireman who was on the opposite side of the engine. No signals were given; the bell was not rung; and Barnett was not given any notice that the car and engine had entered upon the side-track and were moving towards him. He was standing between the lumber and the side-track on which the car and engine were coming towards him, his face towards the lumber and his back towards the side-track. He did not see nor hear the car and engine approaching him, when he was suddenly struck by the box-car and so injured that he died.

The defendant demurred on the grounds that the declaration (1) did not set forth a sufficient cause of action, (2) showed that Barnett was a trespasser in defendant's yard, and (3) showed that the injury was caused solely by Barnett's negligence, and that by the exercise of ordinary care he could have avoided it. The plaintiff amended by striking the words, " the engineer on said engine was looking, not at the track in front, but towards the fireman who was on the opposite side of the engine," and by adding: "And said engineer could have seen said Barnett and said lumber and did see said Barnett and said lumber in time to have stopped before reaching said Barnett and said lumber, but said engineer failed to do so and failed to give any signal and made no effort to

stop before reaching said lumber and said Barnett." To the allowance of this amendment the defendant objected, because (1) it added a new and distinct cause of action, one not germane to the original action and not in harmony therewith ; (2) it contradicts the original declaration, and charges the engineer with actually seeing Barnett in time to avoid the accident ; and (3) there was nothing in the original declaration to amend by. The defendant also demurred to the declaration as amended, on the same grounds as of the first demurrer. Both the demurrer and the objections to the amendment were overruled, and the defendant excepted. It also excepted to the denial of a new trial after a verdict for the plaintiff.

W. W. BROOKES and W. T. TURNBULL, for plaintiff in error.

WRIGHT & MEYERHARDT and C. N. FEATHERSTON, contra.