## JORDAN *v.* GEORGIA SOUTHERN AND FLORIDA RAILROAD COMPANY, and *vice versa.*

1. Where a demurrer to a petition, raising the question that the court
   was without jurisdiction to try the case, is overruled, and the case·
   proceeds to trial and a nonsuit is awarded, and a writ of error is
   sued out by the plaintiff, complaining of the awarding of the non-·
   suit, and a cross-bill of exceptions is filed by the defendant, complain-
   ing of the ruling on the demurrer, the cross-bill of exceptions, rais.
   ing the question of jurisdiction, will be first considered by this
   court.
2. In a suit against a railroad company in the county where its prin-
   cipal office is located, the petition, alleging that the injury com-
   plained of occurred in another county but failing to allege that
   there was no agent of the railroad company in the latter county,
   failed to allege sufficient facts to give the court jurisdiction, and·
   should have been dismissed on demurrer.

Argued June 10, — Decided July 26, 1898.

Action for damages.    Before Judge Felton.    Bibb superior·
court.    November term, 1897.

*Guerry & Hall* and *Hope Polhill,* for plaintiff.
*Hall & Hardeman* and *Dessau, Bartlett & Ellis,* contra.

Cobb, J.    Mrs. Jordan brought suit against the Georgia
Southern & Florida Railway Company, in the superior court of·
Bibb county, claiming damages on account of the killing of her
son.    The petition alleged that the principal office of the defend-
ant company was in the county of Bibb, and that the homicide·
was caused by a·collision which occurred on the railway of the·
defendant in the county of Dooly, but did not allege that the de-·
fendant had no agent in the latter county.    The defendant filed.

a demurrer on the ground that it appeared from the allegations in the petition that the superior court of Bibb county had no jurisdiction, and that the suit should have been brought in the county of Dooly. This demurrer was overruled. At the conclusion of the plaintiff's evidence a motion for a nonsuit was made, upon the grounds that the evidence failed to make out a case, and that from the evidence it appeared that the court had no jurisdiction, the homicide having occurred in the county of Dooly. The court granted a nonsuit upon the ground that the evidence submitted showed that the deceased was so negligent as to defeat a recovery by the plaintiff. To the granting of the nonsuit the plaintiff excepted. To the refusal of the court to dismiss the case on demurrer the defendant excepted by cross-bill.

1. The cross-bill of exceptions raising a question which, if decided in favor of the plaintiff in error therein, will finally dispose of the case, will be first considered. *Cheshire* v. *Williams,* 101 *Ga.* 814.

2. It appearing upon the face of the petition that the cause of action originated in an injury which occurred in a county other than the one in which the suit was brought, and the petition not alleging that there was no agent of the company in such county, according to the ruling made in the case of *Gilbert* v. *Georgia Railroad & Banking Company,* 104 *Ga.* 412, the court erred in refusing to dismiss the case on demurrer, notwithstanding the fact that the suit was brought in the county where the principal office of the company was located. The court should have sustained the demurrer; but as the same result was reached by a nonsuit of the case, the main bill of exceptions will be affirmed, and the cross-bill will be reversed.

*Judgment on cross-bill of exceptions reversed; on main bill affirmed. All the Justices concurring.*