PARKER v. GEORGIA COAST & PIEDMONT RAILROAD CO.

ATKINSON, J. 1. The petition was not subject to general demurrer. Shaw v. Georgia Railroad Co., 127 Ga. 14 (55 S. E. 960); Chatman v. Southern Railway Co., 124 Ga. 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283); Lavier v. Central R. Co., 71 Ga. 222; Cleveland v. Central R. Co., 73 Ga. 793; Brunswick & Western R. Co. v. Gibson, 97 Ga. 489 (25 S. E. 484).

(a) By the terms of the order the judge only sustained the general demurrer, and does not appear to have ruled upon any of the grounds of the special demurrer.

Judgment reversed. Beck, J., absent. The other Justices concur.
AUGUST 15, 1911.

Action for damages. Before Judge Seabrook. Liberty superior court. February 22, 1910.

Mrs. Katie R. Parker instituted suit for damages against the Georgia Coast & Piedmont Railroad Company for the homicide of her husband. The defendant filed general and special demurrers, and afterwards the plaintiff offered an amendment, which was allowed and made a part of the record. The defendant renewed its general demurrer to the petition as amended, and after argument the demurrer was sustained and the petition dismissed; and the plaintiff excepted. The petition as amended, in substance, alleged the following: In the incorporated town of Ludowici the railroad track of the defendant runs east and west, and crosses at right angles the track of the Atlantic Coast Line Railroad Company. At a point about 100 yards east of the intersection a side-track of the Atlantic Coast Line connects with the main line of defendant, by means of which cars are shifted from one railroad to the other. About four o'clock in the afternoon a passenger-train was standing about 300 yards east of the intersection of the main

lines of the two railroads, and 200 yards east of the intersection of defendant's main line with the side-track first mentioned, on another of defendant's side-tracks which ran parallel to its main line. At the same time a freight-train, consisting of an engine and cars at either end of the engine, was standing on the side-track which connected the two railroads. The passenger-train was due to leave, but was still receiving passengers intending to leave Ludowici. Plaintiff's husband contemplated departure on the passenger-train, and for that purpose he walked from his house eastwardly along defendant's main-line track in the direction of the standing passenger-train. Plaintiff was at a house near the railroad track, intending to leave there and meet her husband at the train. Her husband was intent on catching the train, and also looking ahead at a slight angle toward the house from which plaintiff intended to leave. The wind was blowing from the direction in which the husband was going; so he could not hear an approaching train from behind him. He saw the freight-train standing on the side-track, but did not think that it would at that time run out on the main line and endanger pedestrians walking along the main line for the purpose of reaching the passenger-train. But after he had passed the point of intersection of the side-track (on which the freight-train was standing) with defendant's main line, the freight-train, without warning, and without his knowledge, and without ringing the bell, blowing the whistle, or giving other signals (as the rules of the defendant required), backed out upon the main line and proceeded "to back" in the direction of the passenger-train; and though plaintiff's husband was in plain view of defendant's agents and servants who were operating the freight-train on the main track, they ran over and killed him. The railroad track was the usual and necessary way for pedestrians to reach the train, and the husband was walking along the track in accordance with a long-continued custom and license by defendant. The specific grounds of negligence were: (*a*) That the engineer who was engaged in operating the engine did not ring a bell, blow a whistle, or give other warning at the time the engine was set in motion, which warning, according to the rules of the company and long-established custom, should have been given, and on the giving of which petitioner's husband had the right to and did rely, and which if given would have apprised plaintiff's husband of the moving of the

engine, and would have enabled him to have left the track in safety. (*b*) The engineer operating the engine after the engine was set in motion did not give warning to petitioner's husband of the approach of the engine and cars after it became apparent to him, in the exercise of ordinary care, or should have become apparent to him had ordinary care been exercised by him, that plaintiff's husband was not aware of the approaching train; and after it was apparent to the engineer, in the exercise of ordinary care, that plaintiff's husband would not get off the track without warning, the engineer did not blow the whistle, ring the bell, or give other warning, but negligently, carelessly, and with recklessness amounting to wantonness, ran down petitioner's husband and killed him. (*c*) The engineer, after seeing the position of peril in which petitioner's husband was placed, did not slacken the speed of his engine, did not have the same under control, but negligently permitted the cars attached to the engine to overtake petitioner's husband and run him down and kill him, when in the exercise of ordinary care the speed of the engine could have been checked, the engine could have been under proper control, and no harm would have resulted. (*d*) Defendant company violated its rules in not having a watchman, flagman, or lookout on the front of the cars as they were backing towards plaintiff's husband, to give signals to the engineer, and also to give warning to persons then and there using the track of the defendant as a passageway toward the passenger-train. The grounds of demurrer were: (1) That the petition set forth no cause of action against the defendant, and set forth no facts on which a recovery could legally be based. (2) That the allegations were not sufficiently definite or certain, nor sufficiently full and explicit as to the manner which the alleged acquiescence and permission of the defendant was manifested with respect to persons walking along its road-bed and between its tracks, nor as to the permission or assent of the defendant to such use of its tracks or road-bed by pedestrians, nor as to the alleged license by which it is claimed that pedestrians were entitled to the use of said road-bed; that said petition was defective in failing to state whether such consent, license, acquiesence, or permission was manifested by acts or by words, and, if by words, in failing to state whether the same were oral as coming from some authorized representative of the defendant, or were in writing, and, if in

writing, in failing to state what the writing was and the language thereof; that the petition was further defective in failing to state any facts showing any custom or license, acquiescence or permission, in respect to the matters alleged. (3) That the petition was further defective in not setting out the rules of the company referred to, or designating them with sufficient certainty to enable the defendant to determine what rules were referred to. Upon the hearing the judge passed the following order: "Upon consideration of defendant's demurrer to plaintiff's amended petition, and of the argument of counsel thereon, it is considered, ordered, and adjudged that the general demurrer be and the same is hereby sustained and the petition dismissed."

*Oliver & Oliver,* for plaintiff.

*Hitch & Denmark,* for defendant.