## GULF LINE RAILWAY COMPANY *v.* WAY.

1. The court erred in not sustaining the general demurrer to the petition.
2. It clearly appears from the bill of exceptions who the parties to the case were, and therefore there is no merit in the motion to dismiss the writ of error on the ground that "no one is named therein as plaintiff in error and no one is named therein as defendant in error."

NOVEMBER 15, 1911.

Action for damages. Before Judge Martin. Pulaski superior court. December 12, 1910.

*Marion Turner, Howard E. Coates,* and *James H. Tipton,* for plaintiff in error.

*M. S. Means* and *W. L. & Warren Grice,* contra.

FISH, C. J. 1. Emma Way sued the Gulf Line Railway Company for damages for the homicide of her husband, Norman Way. The substance of the petition now material is: The deceased was killed by being run over by a passenger-train of the defendant, a few hundred yards south of Powell's Still station, at about 3 o'clock in the afternoon. Prior to, and at the time of the homicide, it "was the general custom of pedestrians to walk along and near the track of the defendant from Powell's Still to a point on the far side of Big Creek." Decedent was walking from Powell's Still towards Big Creek, "along the right of way of said company, and suddenly became ill and unable to go further, and sat down on the end of a cross-tie in a foot or so of the track, where he soon became very ill and was unconscious, and that, in this condition, the train of defendant came upon him and killed him. Under the circumstances, the killing of said Norman Way was gross negligence; for, before the engine reached him, there was a straight track for a distance of 30 rails of iron, and up grade, which afforded ample opportunity to see him and bring the train to a full stop before reaching him. The train was not stopped until after it had struck and dragged the decedent the distance of two and a half rails. The whistle of the engine was not blown nor the bell rung, and the failure of the engineer and fireman to do this was gross negligence." Deceased was not negligent, and in his condition could not, by the exercise of ordinary care, have avoided the consequences of the negligence of the defendant as aforesaid. A general demurrer to the petition was overruled, and the defendant excepted.

It is clear that the decedent was a trespasser upon defendant's railway track. The mere fact that "it was the general custom for pedestrians to walk along and near the track of defendant," where the homicide occurred, was not sufficient to show that the employees of the company in charge of the train were bound to anticipate that he or other persons might be upon the track at that place, so as to impose upon the employees a duty to take such precautions to prevent injury to persons who might be upon the track as would meet the requirements of ordinary care and diligence. Under the facts alleged, the general rule as to trespassers upon a railway track ap-

plies; that is, the duty of observing ordinary care and diligence for his protection does not devolve upon the agents of the company in charge of the train, until his presence upon its track becomes known to them. It was not alleged that such agents of the company knew of the presence of the decedent upon its track before he was run over, nor does it appear from the petition whether a few or many pedestrians were accustomed to walk along and near the defendant's track at the place of the homicide. Moreover, it appears from the petition that the defendant was "walking along the right of way of said company, and suddenly became ill and unable to go further, and sat down on the end of a cross-tie in a foot or so of the track, where he soon became very ill and was unconscious, and that, in this condition, the train of defendant came upon him and killed him." This is not a case, therefore, where the deceased suddenly became unconscious from illness and was thereby caused to involuntarily fall upon the track; or where, while walking on the track, he suddenly became ill and unconscious, and while unconscious sat down on the track, but it is a case where the decedent, while walking along the right of way of the railway company, not necessarily on the track, suddenly became ill and, being unable to go further, thereupon voluntarily went upon the track and sat down on the end of a cross-tie and subsequently became unconscious, thus showing that he was grossly negligent in voluntarily, and without even apparent necessity, placing himself in such a perilous position. It is therefore, for the reasons above stated, very clear to us that the court erred in not sustaining the general demurrer to the petition.

2. The second headnote needs no elaboration.

*Judgment reversed. All the Justices concur, except Beck, J., absent, and Hill, J., not presiding.*