8901. WESTERN & ATLANTIC RAILROAD CO. *v.* DAVIS.

WADE, C. J. 1. The plaintiff sued by her next friend, alleging that she was a minor about 9 years of age and was the only child of her deceased father, who left no wife or other children surviving him. She alleged in her petition, that her father was an employee of the defendant company, and was killed while using a well-established pathway along the tracks and right of way of the defendant between its depot and certain shanties and section-houses belonging to it, where he lived, which pathway had been in such use by its employees and by the public constantly for more than 20 years; that such use had become the fixed custom of which all "of the agents, servants, and employees of said defendant company had knowledge;" and that "the use and custom was so common that it was known to *all* [italics ours] of the engineers, firemen, and other employees operating the trains of

said defendant railroad." The defendant was alleged to have been negligent, in not keeping a proper lookout at this place so constantly and continuously used by pedestrians; in running and operating its engine and cars at a high and rapid speed of 60 miles per hour; in not looking ahead for the appearance of pedestrians at this locality; in failing to warn the plaintiff's father of the approach of the train, cars. and locomotive; in failing to have the train at this point under suffi-cient control, so as to avoid killing the deceased; in failing to exer-cise ordinary care in applying the brakes, blowing the whistle, sound-ing the bell, or slackening the speed of the train; and in failing to exercise ordinary care after the presence of the plaintiff's father be-came known to those operating the train, or by the exercise of ordi-nary care could have been known; by not applying the brakes, blowing the whistle, sounding the bell, or checking the speed of the train; and in failing to use any diligence whatever to prevent the killing of the deceased. By amendment it was alleged, that the decedent was killed as set forth in the original petition, during the night of May 29, 1913; that he left the town of Tunnell Hill (the depot) after dark on that night, and was found dead by the tracks of the defendant at a point not far beyond the north corporate limits of said town on the morning of May 30, 1913; that he was killed by a train of the defendant com-pany; that the petitioner was unable to state the hour of the night or what particular train killed him, but that the running of the train which did kill him and the time of the killing were well known to the defendant company, its agents, servants, and employees. The petition was further amended by striking the allegation that the agents and employees of the defendant were negligent after the presence of the de-ceased "became known to said agents," thus leaving the allegation that they were negligent after his presence "could have been known" by the exercise of ordinary care. By further amendment another count was added to the petition, alleging the same negligence on the part of those operating the train which killed the decedent, and alleging further that the engineer and the fireman in fact saw the deceased upon the track, and thereafter failed to exercise the required degree of care, and were negligent not only as alleged in the original petition, but also in fail-ing to use proper care and diligence after such discovery.

(a) Under the circumstances set forth in the petition, it does not appear that the court erred in overruling the special demurrers calling for fuller and more specific allegations as to the time, place, and manner of the killing.

(b) The general demurrer was likewise properly overruled, as a cause of action was set forth. Parker v. Georgia Coast &c. Railroad Co., 136 Ga. 629 (71 S. E. 1090); L. & N. Railroad Co. v. Rogers, 136 Ga. 674 (71 S. E. 1102); Western & Atlantic R. Co. v. Watkins, 14 Ga. App. 388 (80 S. E. 916); Shaw v. Georgia Railroad, 127 Ga. 8 (55 S. E. 960). This ruling is not in conflict with the holding of the Supreme Court in Gulf Line Railway Co. v. Way, 137 Ga. 109 (72 S. E. 917), but is in exact accord with the decision in Central Ry. Co. v. Tapley, 145 Ga. 792 (89 S. E. 841), where it is held: "A petition in a suit

against a railroad company for the homicide of a pedestrian on the tracks of the defendant, which shows upon its face that the person killed was a trespasser using a dangerous railroad trestle as a pathway, and fails to allege facts showing that the place was one known by the servants of the defendant operating a train to be one where the presence of persons was to be anticipated, and that they injured him without exercising ordinary care to discover his presence,. or that the presence on the track of the person killed was actually known to them, and, after being aware of his presence, they failed to exercise ordinary care to avoid injuring him, fails to allege a cause of actionable negligence against the railroad company." Here it is distinctly alleged that the use of the pathway along the tracks or right of way of the defendant at the place where the deceased met his death was known to "all of the engineers, firemen, and other employees operating the trains of said defendant railroad;" which necessarily included the engineer and the fireman operating the train which killed him during the night of May 29, 1913; and the second count alleges further that the actual presence of the deceased on the track was known to the engineer and the fireman.

2. There is no substantial merit in any of the special grounds of the motion for new trial, complaining of excerpts from the charge of the court, or (in the absence of any timely written request) in the grounds complaining of the failure by the court to give certain other instructions. The charge as a whole fairly and fully submitted the issues in the case.

3. The evidence was sufficient to authorize the conclusion that those operating the train of the defendant company had reason to anticipate the presence of the deceased on the tracks or right of way of the defendant, at or near the point where he was killed, and that they were negligent in failing to discover his presence on the tracks and in taking the necessary steps to preserve his safety; and since there was some evidence to sustain all the material allegations in the petition and the verdict has been approved by the trial judge, this court is not authorized to set it aside.

*Judgment affirmed. Jenkins and Luke, JJ., concur.*

DECIDED DECEMBER 14, 1917.

Action for damages; from Whitfield superior court—Judge Tarver. May 4, 1917.

*Tye, Peeples & Tye, Maddox, McCamy & Shumate,* for plaintiff in error. *W. C. Martin, W. E. Mann, G. W. Head,* contra.