### 9945.   CHATTANOOGA RAILWAY & LIGHT CO. *v.* WALLACE.

LUKE, J.   1.   As to a trespasser on the track of a railroad company it is a general rule that the duty of observing ordinary care and diligence for his protection does not devolve upon the company's agents in charge of a train, until his presence upon the track becomes known to them, but where the circumstances are such that they are bound on a given occasion to anticipate that a person may be upon the track at a certain place, they are under a duty to take such precautions to prevent injury as would satisfy the requirements of ordinary care and diligence. *Western & Atlantic R. Co.* v. *Davis,* 21 *Ga. App.* 461 (94 S. E. 660), and cases cited.

(*a*).   Whether or not the locality, the time, and circumstances of an injury to one using the right of way of the railroad company, and the known habits and frequency of the public in using it, create such a condition as will charge those operating its trains with the special duty of looking out for the presence of a trespasser at the time and place of the injury, is generally a question for the jury to determine. *Pope* v. *Seaboard Air Line Railway,* 21 *Ga. App.* 251 (94 S. E. 311).

2.   The evidence supported the petition, which set forth a good cause of action, and for no reason assigned did the court err in refusing to grant a nonsuit, or in thereafter entering judgment upon the verdict.

*Judgment affirmed.   Wade, C. J., and Jenkins, J., concur.*

DECIDED APRIL 16, 1919.

Action for damages; from Walker superior court—Judge Wright. April 25, 1918.

*Glenn & Napier, Henry & Jackson,* for plaintiff in error.
*Rosser & Shaw,* contra.