#### 11154.   TICE v. CENTRAL OF GEORGIA RAILWAY CO.

JENKINS, P. J. 1. (a) Ordinarily the only duty which a railway company owes to a trespasser upon or about its property is not to injure him wantonly or wilfully after his presence has been discovered. *Ashworth* v. *Southern Ry. Co.*, 116 *Ga.* 635 (43 S. E. 36, 59 L. R. A. 592).

But failure to exercise ordinary care to prevent the injury to a trespasser after his presence has become known may amount to wantonness. *Charleston &c. Ry. Co.* v. *Johnson,* 1 *Ga. App.* 441 (57 S. E. 1064); *L. & N. Railroad Co.* v. *Plunkett,* 6 *Ga. App.* 684 (65 S. E. 695).

(*b*) Generally the servants of a railway company are not bound to anticipate the presence of a trespasser upon or about its tracks, and the duty of exercising such care and diligence does not in such case arise until the presence of the trespasser becomes known. *Southern Ry. Co.* v. *Chatman,* 124 *Ga.* 1026 (53 S. E. 692, 6 L. R. A. (N. S.) 283, 4 Ann. Cas. 675); *Nashville &c. Ry. Co.* v. *Priest,* 117 *Ga.* 767 (45 S. E. 35).

(*c*) The mere fact that the public may have been accustomed to travel on foot along a certain portion of the right of way belonging to a railway company, and that no measures have been taken to prevent it, does not of itself operate to constitute the persons so using the track licensees of the company; and, in the absence of the company's permission for such use, such unauthorized custom does not change the relation of one so using the property of the railway company from that of a trespasser. *Southern Ry. Co.* v. *Barfield,* 112 *Ga.* 181, 184 (37 S. E. 386).

(*d*) Where, however, from the locality, circumstances, and known habits of the public generally, there is reason to apprehend that the track in front of the locomotive may not be clear of human beings, then the duty of anticipating the presence of and danger to such trespassers devolves upon the employees of the company operating the train; and upon the discovery of a person in such peril, ordinary and reasonable care and diligence must be exercised by the company not to injure him. *Southern Ry. Co.* v. *Chatman,* supra.

(*e*) Whether or not the locality, the time, and the circumstances of an injury to one using the right of way, and the known habits and frequency of the public in using it, create such a condition as will charge the servants of the company operating the locomotive and cars with the special duty of looking out for the presence of a trespasser at the time and place of the injury is generally a question for the jury to determine, in the light of all the evidence introduced. *Crawford* v. *Southern Ry. Co.,* 106 *Ga.* 870 (33 S. E. 826); *Wright* v. *Southern Ry. Co.,* 139 *Ga.* 448 (77 S. E. 384). See also *Gulf Line Railway Co.* v. *Way,* 137 *Ga.* 109, 110 (72 S. E. 917).

(*f*) Where an action is brought for the homicide of a trespasser, shown to have been occasioned by the operation of defendant's cars, the presumption of negligence does not arise against the defendant, unless it appears that at the time of the injury there was due from the company to the person injured a degree of diligence to prevent such injury. *Holland* v. *Sparks,* 92 *Ga.* 753 (18 S. E. 990). But where it appears from the circumstances of the case that such diligence did devolve upon the company, and that it did owe a duty to anticipate the presence of the trespasser at the time and place of the injury, then, upon proof of the homicide by the company, such presumption of negligence against it does arise. *Crawford* v. *Southern Ry. Co.,* supra. See *Pope* v. *Seaboard Air-Line Ry.,* 21 *Ga. App.* 251, 252 (94 S. E. 311).

2. (*a*) But even in a case where from the evidence the jury would be authorized to believe that a special duty existed of anticipating the presence of a trespasser at the time and place of the injury, still it is the general rule that the company is authorized to act on the presumption that such a person apparently of full age and capacity, who is standing or walking along or near a track, will leave it in time to save himself.

(*b*) If, however, in a case where the presence of the trespasser is or ought to be known, there should also be apparent some fact or circumstance reasonably indicating that the person so exposed is incapacitated to protect himself from the impending danger, or so off his guard as should lead the railway company to reasonably infer that he must fail to do so, then, despite the contributory negligence of the trespasser, a special duty devolves upon the company to exert itself to avoid the injury. *Cen. R.* v. *Brinson,* 70 *Ga.* 207; *Ga. R.* v. *Williams,* 74 *Ga.* 723, 736; *Western & Atlantic R. Co.* v. *Bailey,* 105 *Ga.* 100, 102 (31 S. E. 517).

(*c*) Whether the facts alleged and proved were sufficient to reasonably indicate to the company that the trespasser. was so engrossed or incapacitated at the time and place of the injury as ought to have led the company to infer that he would be unable to protect himself from danger, and thus imposed upon it such a special duty, is generally a question for the jury.

(*d*) In a case where the jury is authorized to believe both that the presence of the trespasser was or ought to have been known to the company, and that such circumstances existed and were then and there manifest, sufficient to reasonably indicate to the company that the trespasser was so engrossed or incapacitated as would prevent him from protecting himself, the failure of the company to take reasonable precaution to prevent the injury would authorize the jury to hold it liable, not for the reason that the company may itself have been then and there guilty of general negligence in the manner of operating its train (*Smith* v. *Cen. R. Co.*, 82 *Ga.* 801, 10 S. E. 111), but on the theory that under such circumstances the failure on the part of the company to exercise ordinary care in the performance of its special duty owing to such a trespasser amounts to wilful and wanton negligence.

(*e*) While under the law of the code it is the general rule that a person cannot recover, despite the negligence of the railway company, if by the exercise of ordinary care on his own part the consequences of the company's negligence could have been avoided, still this rule does not have application where the negligence on the part of the company is adjudged to have been wanton and wilful. *Cen. R. &c. Co.* v. *Denson,* 84 *Ga.* 774 (11 S. E. 1039); *Rome R. Co.* v. *Barnett,* 89 *Ga.* 718 (15 S. E. 639); *Atlanta &c. Air-Line Ry. Co.* v. *Gravitt,* 93 *Ga.* 369; *Central R. &c. Co.* v. *Newman,* 94 *Ga.* 560 (2) (21 S. E. 219); *Cen of Ga. Ry. Co.* v. *Moore,* 5 *Ga. App.* 562 (2) (63 S. E. 642); *So. Ry. Co.* v. *Wiley,* 9 *Ga. App.* 249, 251 (71 S. E. 11); *Cen. of Ga. Ry. Co.* v. *Pelfry,* 11 *Ga. App.* 119 (74 S. E. 854).

3. Under the allegations and proof in this case, this court does not feel

authorized to hold, as a matter of law, that the company was not under a special duty of anticipating the presence of a trespasser at the time and place of the injury, there being evidence in support of the allegation that the public generally were accustomed to walk along this portion of the right of way; nor does this court feel authorized to say, as a matter of law, that the plaintiff's allegation and proof, to the effect that the deceased trespasser was manifestly engaged in reading a letter just prior to and at the time he was struck, was not such a circumstance as should have indicated to the company that he was so off his guard as to need and require the giving by the company of some sort of warning as a protection in his behalf. According to the plaintiff's evidence the defendant company, under the circumstances indicated, failed in what the jury might have been authorized to consider its special duty, by failing to give any sort of warning signal to the imperiled trespasser, although the company was then and there operating its train on a down grade with the steam cut off, within the corporate limits of a city, and in a manner which was in point of fact negligence, because of its failure to ring the bell and its exceeding the speed limit provided by ordinance. The judgment granting a nonsuit is therefore

*Reversed. Stephens and Smith, JJ., concur.*

DECIDED MAY 12, 1920.

Action for damages; from Pike superior court — Judge Searcy. October 6, 1919.

*Isaac S. Peebles Jr., C. Vernon Elliott,* for plaintiff.

*Redding & Lester, Cleveland & Goodrich,* for defendant.