15879, 15903. CENTRAL OF GEORGIA RAILWAY CO. *v.*
BRIDWELL; and *vice versa.*

1. In this action for the homicide of the plaintiff's husband, who was killed upon the defendant's railroad-track by the running of its engine and cars, the first count of the petition did not as a matter of law fail to show the breach of a duty of diligence owing by the defendant to the decedent, nor affirmatively disclose that the decedent's death was caused by his own negligence or want of ordinary care. A cause of action was set forth, and the court erred in sustaining the demurrers and striking this count.

2. Where a suit for a homicide is brought in two counts, in the first of which the plaintiff seeks a recovery for mere negligence, and in the second of which a recovery is sought as for a wilful and wanton killing, and, after the first count is erroneously stricken on demurrer, the case proceeds to trial upon the second count, and the trial results in a verdict for the defendant, which the court subsequently sets aside on the plaintiff's motion for a new trial, and where the defendant brings to this court a main bill of exceptions complaining of the grant of the motion, and the plaintiff, by a cross-bill, excepts to the judgment striking the first count, the cross-bill will be disposed of first, and, the judgment complained of in that being reversed, the writ of error issued upon the main bill will be dismissed.

3. "While under the law of the code it is the general rule that a person can not recover, despite the negligence of the railway company, if by the exercise of ordinary care on his part the consequences of the company's negligence could have been avoided, still this rule does not have application where the negligence on the part of the company is adjudged to have been wanton and wilful." *Tice* v. *Central of Georgia Ry. Co.*, 25 *Ga. App.* 346 (2 *e*) (103 S. E. 262).

4. Where an action is brought against a railway company for the killing of a person upon its railroad-track by the running of its engine and cars, the plaintiff, on proving that the death occurred by the means alleged and that the circumstances were such that the servants of the railway company were under a duty to anticipate that a person would be upon the track at the particular time and place in question, would be entitled to the benefit of the presumption arising under § 2780 of the Civil Code, although the killing was alleged to have been wilful and wanton.

DECIDED MAY 19, 1925.

Damages; from Wilkinson superior court—Judge Park. August 9, 1924.

Application for certiorari was denied by the Supreme Court.

Mrs. Mary A. Bridwell sued the Central of Georgia Railway Company for the homicide of her husband. The petition was in two counts. The first count was based upon the theory of negligence, while the second count charged that the killing was wilful

and wanton. The defendant filed general and special demurrers to each count. The petition was amended. Thereafter the demurrers were sustained as to the first count and overruled as to the second count. The result was that the first count of the petition was stricken in its entirety. The case proceeded to trial upon the second count and the trial resulted in a verdict for the defendant. The plaintiff filed a motion for a new trial containing the usual general grounds and several special grounds having reference only to the charge of the court. The court sustained the motion upon one of the special grounds and overruled it as to all other grounds, both general and special. In the main bill of exceptions the defendant excepted to the grant of the motion for a new trial and contended that the evidence demanded the verdict rendered, and that the motion, therefore, could not lawfully be granted, regardless of any errors that may have been committed by the court in charging the jury. The defendant has brought no exceptions to the overruling of its demurrers to the second count. By a cross-bill of exceptions the plaintiff assigns error upon exceptions pendente lite taken by her to the sustaining of the demurrers to the first count of the petition, and also upon the judgment overruling the special grounds of her motion for a new trial, save the one upon which it was granted.

As shown in the opinion, it is unnecessary to set forth any of the allegations of the petition except those contained in the first count. This count as amended made, among others, the following averments: that the plaintiff's husband was killed by the running of the defendant's locomotive and cars about ten o'clock at night, when her husband was walking along a pathway on or near the railroad-track, near the town of Toomsboro; that the path, with the defendant's knowledge, had been constantly and frequently used by pedestrians "as a passageway in going to and fro between points in said town and points in the neighborhood thereof" for a period of fifty or seventy-five years, and that because of such constant, frequent, and long use of the path, the agents and servants of the defendant in charge of its train "were bound to anticipate the presence of persons upon its railroad at the point where [the plaintiff's husband] was struck;" that on the particular occasion the decedent was walking along the path from his farm to his home in the town "when he was seized by a sudden violent ill-

ness which rendered him unable to continue his course, and insensible and unable to care for his safety, and by reason of which he sat and reclined upon the railroad;" and that "while he was sitting and reclining upon said railroad in a helpless condition as hereinabove stated a through freight train of defendant, moving at a very high rate of speed," ran over him and inflicted upon him injuries from which he died. It was further alleged that the track over which the train was running at the time it approached the decedent was "perfectly straight" for a distance from him of 1200 yards, and that there was nothing to prevent the engineer and the fireman from seeing him and his perilous and helpless condition in ample time to stop the train before striking him, if they had kept a proper lookout. The defendant's negligence was alleged to consist in the failure of the engineer and the fireman to anticipate the presence of persons upon the railroad-track at the time and place in question, in running the train at that point "too fast," namely, at a speed of twenty miles per hour, and in failing to keep such a lookout as would have enabled them to discover the presence of the decedent and his "perilous and helpless condition aforesaid" and to stop the train in time to avoid striking him.

*H. Wiley Johnson,* for plaintiff in error.

*John R. L. Smith, Grady C. Harris, Joseph LeConte Smith,* contra.

BELL, J. (After stating the foregoing facts.)

1. As we will later show in this opinion, it is proper that we first dispose of the exceptions taken in the cross-bill to the judgment sustaining the demurrers to the first count of the petition. Hereafter, in using the word "petition," we are to be understood as referring to the first count unless it is otherwise stated. With respect to the special demurrers, suffice it to say that they were without merit after the petition was amended; nor do we think that the petition was subject to the general demurrer. It can not be said as a matter of law that there was no duty of care upon the defendant, under the facts alleged, to anticipate the presence of the decedent at the time and place in question (*Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 877); *Bullard* v. *Southern Railway Co.,* 116 *Ga.* 644 (1) (43 S. E. 39); *Pope* v. *Seaboard Air-Line Railway,* 21 *Ga. App.* 251 (1) (94 S. E. 311); *Central of Georgia Ry.*

*Co.* v. *Thompson,* 25 *Ga. App.* 715 (1) (104 S. E. 515)) ; nor that the allegations of the petition failed to show that there was a breach of a duty of diligence toward him. It would be within the province of the jury to decide what was due care on the part of the railroad company and its employees with respect to the speed of the train and the other matters charged in the petition as negligence. *Davis* v. *Whitcomb,* 30 *Ga. App.* 497 (13) (118 S. E. 488) ; *Crawford* v. *Southern Railway Co.,* 106 *Ga.* 870 (1) (33 S. E. 826) ; *Louisville & Nashville R. Co.* v. *Cline,* 136 *Ga.* 863 (1), 865 (72 S. E. 405) ; *Harris* v. *Central Railroad,* 78 *Ga.* 525 (6) (3 S. E. 355) ; *Pope* v. *Seaboard Air-Line Ry.,* supra; *Western & Atlantic Ry. Co.* v. *Davis,* 21 *Ga. App.* 461 (94 S. E. 660) ; *Chattanooga Ry. & Light Co.* v. *Wallace,* 23 *Ga. App.* 554 (1) (99 S. E. 57) ; *Tice* v. *Central of Ga. Ry. Co.,* supra; *Western & Atlantic R. Co.* v. *Reed,* 33 *Ga. App.* 396 (2) (126 S. E. 393). We might hold, as a matter of law, that some lower rate of speed would not be negligent, but we can not, under all the facts appearing, make such a holding in regard to the speed alleged in the instant case.

Of course, if it affirmatively appeared from the petition that the decedent by the exercise of ordinary care could have avoided the consequences of the defendant's negligence, if existing, or that his injury and death were due to his own negligence, the petition would be subject to general demurrer even though it may show that the defendant was negligent. But it is unnecessary in a case of this sort for the plaintiff to negative the negligence or want of ordinary care on the part of the person injured or killed. That is a matter of defense, and the petition in this respect will be good unless it affirmatively appears that the injury or death was the result of the plaintiff's own negligence or failure to exercise ordinary care. *Woolworth Co.* v. *Wood,* 32 *Ga. App.* 575 (2) (124 S. E. 100), and citations. It was held in the *Lowe* case, supra, that where a person is sitting or lying in an exposed position on or near a railroad-track, and such conduct is unexcused and unexplained save that it indisputably appears that he had been drinking intoxicating liquors, there can be no recovery for his injury or death by the mere negligence of the railroad company in the operation of its train, a recovery being precluded because of his own gross negligence; but it can not be said in the instant case

that the decedent's presence upon the railroad-track was negligent, when it is explained by the fact, as alleged in the petition, that he was seized by a sudden violent illness which rendered him unable to continue his course, and insensible and unable to care for his safety, and by reason of which he sat and reclined upon the railroad.

In *Snowball* v. *Seaboard Air-Line Railway,* 130 *Ga.* 83 (1) (60 S. E. 189), the Supreme Court said: "If the deceased had been seized by a sudden accession of illness and had fallen unconscious on the track, he would not have been wanting in care so as to defeat a recovery for his death, if the agents of the defendant could have averted the killing in the exercise of proper care." See also *Payne* v. *Hayes,* 25 *Ga. App.* 730 (1) (104 S. E. 917).

We think that as against a general demurrer the petition set forth a cause of action and that the court improperly dismissed it.

2. The court having erred in sustaining the demurrers to the petition, all else that was done was nugatory, and the plaintiff is entitled to a new trial regardless of whether the evidence demanded the verdict rendered under the second count and irrespective of any error in the court's charge. The record, therefore, seems to present a proper case for the application of the rule that when this court or the Supreme Court has before it both a main bill of exceptions and a cross-bill, and the latter presents a question which is controlling upon the case as a whole, it will be disposed of first, and if the judgment therein excepted to is reversed, the writ of error issued upon the former will be dismissed. *Chidsey* v. *Brookes,* 130 *Ga.* 218 (5) (60 S. E. 529, 14 Ann. Cas. 975); *Moore* v. *Kiser,* 144 *Ga.* 460 (2) (87 S. E. 403); *DeLoach* v. *Georgia &c. R. Co.,* 144 *Ga.* 678 (3) (87 S. E. 889); *Wood* v. *Turner,* 147 *Ga.* 93 (92 S. E. 878); *Betts-Evans Trading Co.* v. *Bass,* 2 *Ga. App.* 718 (1) (59 S. E. 8); *Central of Georgia Ry. Co.* v. *Waldo,* 6 *Ga. App.* 840 (2) (65 S. E. 1098). The cross-bill of exceptions is not controlling in the sense that a decision of the questions therein raised would amount to a final disposition of the case in the court below; nor would it be controlling unless we conceived that error was committed as alleged in the striking of the first count of the petition; but since we must hold that there was error in that judgment, a decision upon the cross-bill must necessarily dispose of the entire case as made in this court by the

6

present record. *Gay* v. *Gay,* 108 *Ga.* 739 (1) (32 S. E. 846) ; *Jordan* v. *Ga. So. & Fla. R. Co.,* 105 *Ga.* 274 (1) (30 S. E. 748).

Any other treatment of the case could but lead to confusion and absurdity. If we should undertake a decision of the question raised by the main bill of exceptions,—that is, whether the court erred in granting the new trial,—we would be confined to a determination alone of whether the evidence demanded the verdict rendered. *Carr* v. *Carr,* 157 *Ga.* 208 (1) (121 S. E. 227). If we answer this question in the affirmative, and, therefore, conclude that relatively to the second count alone the grant was error, we would nevertheless be powerless to reverse the grant and restore the verdict, because a new trial would still result from the antecedent error in striking the first count, and the defendant would not be benefited by the ruling made. *Edwards* v. *Central of Georgia Ry. Co.,* 118 *Ga.* 678 (2) (45 S. E. 462) ; *Davis* v. *Mayor &c. of Jasper,* 119 *Ga.* 57 (1) (45 S. E. 724) ; *Garlington* v. *Davison,* 122 *Ga.* 677 (50 S. E. 667) ; *Bingham* v. *Yundt,* 158 *Ga.* 600 (1) (123 S. E. 870). If it should be replied that the defendant would at least have an adjudication that the evidence as adduced upon the first trial established that the plaintiff was not entitled to recover upon the second count, we should answer that there is no certainty that the evidence will again be the same; and furthermore the plaintiff should not be denied the opportunity of making out her case under either count, if she can, at the next trial, when the whole of the last trial was rendered ineffectual by the erroneous dismissal of the first count. The plaintiff is not required to elect upon which count she will proceed. *Southern Railway Co.* v. *Chambers,* 126 *Ga.* 404 (5) (55 S. E. 37, 7 L. R. A. (N. S.) 926). The striking of the first count of her petition resulted in a compulsory election.

Again, if we should reverse the grant of a new trial and reestablish the verdict, it could be set up as a bar to a further prosecution of the case even upon the second count. *City of Columbus* v. *Anglin,* 120 *Ga.* 785 (5) (48 S. E. 318) ; *Western & Atlantic R. Co.* v. *Burnham,* 123 *Ga.* 28 (1) (50 S. E. 984) ; *Southern Ry. Co.* v. *Clay,* 130 *Ga.* 563 (1) (61 S. E. 226). "There can be but one cause of action for the homicide of any one man." *Harris* v. *Central Railroad,* 78 *Ga.* 525 (1), 531 (3 S. E. 355). We might give direction, of course, that the judgment of reversal on the

main bill of exceptions should not have the effect of an adjudication against the plaintiff's right to proceed upon the first count. From what has been said, however, she should not be debarred from proceeding upon the second count at the next trial, and if we reversed the grant with the proviso that our judgment should be no adjudication whatsoever as to her right to make out her case if she could, under either count, our judgment would be absolutely meaningless and futile. As was said in *Citizens Bank* v. *Rudisill,* 4 *Ga. App.* 37 (60 S. E. 818), there are cases where the first grant of a new trial will not be disturbed "even though the evidence demands the verdict rendered; for instance, *where there have been erroneous rulings upon the pleadings or the evidence* which may have prevented the losing party from getting his full case before the jury." (Italics ours.) It would be vain to restore the verdict by a judgment upon the main bill of exceptions if we instantly set it aside by a judgment upon the cross-bill.

We conclude that no judgment whatsoever can properly be rendered upon the main bill, and therefore that it should be dismissed.

3. "Where the trial judge renders a judgment granting a new trial based upon a single ground in the motion, and the respondent brings a bill of exceptions, and the defendant in error brings a cross-bill of exceptions, the assignments of error in the cross-bill relating to questions which will probably arise on another hearing will be decided." *Brookman* v. *Rennolds,* 148 *Ga.* 721 (1) (98 S. E. 543).

In the motion for a new trial one of the grounds, to the overruling of which exception is taken in the cross-bill, assigned error upon an excerpt from the charge of the court by which the jury were instructed in effect that if the plaintiff, by the exercise of ordinary care, could have avoided the injury, the defendant would not be liable. If, as the petition alleges, the engineer actually saw the decedent upon the railway track and wilfully and wantonly ran the engine over him, it would constitute no defense that the plaintiff might have avoided the injury by ordinary care.

"While under the law of the code it is the general rule that a person can not recover, despite the negligence of the railway company, if by the exercise of ordinary care on his part the consequences of the company's negligence could have been avoided,

still this rule does not have application where the negligence on the part of the company is adjudged to have been wanton and wilful." *Tice* v. *Central of Georgia Ry. Co.,* 25 *Ga. App.* 346 (2 *e*) (103 S. E. 262), and cases cited. See also *Lowe* v. *Payne,* 156 *Ga.* 312 (118 S. E. 924).

It will be remembered that the case was tried only upon the second count, in which the killing was alleged to have been wilful and wanton.

4. The second special ground of the motion for a new trial which the court overruled assigns error upon the following charge of the court: "I charge you that the burden of proof in this case rests upon the plaintiff, that is the burden of proof is upon the plaintiff to satisfy the minds of the jury by the preponderance of the testimony of all the material allegations set out in the original petition in this case and the amendments that have been made and allowed by the court in the trial of this case." One of the complaints against this excerpt is that it deprived the plaintiff of the benefit of the presumption arising in proper cases under section 2780 of the Civil Code.

It has been held that in a suit for damages against a railway company, for injury caused by the defendant's negligence, it is error to instruct the jury that the burden is upon the plaintiff to prove the allegation of negligence, since a prima facie case is made by proof that the injury was caused by the running of the defendant's train, or by its employees, as alleged, although an error in so instructing the jury may not always be ground for a new trial. *Murphy* v. *Georgia Ry. & Power Co.,* 146 *Ga.* 297 (1) (91 S. E. 108), and authorities cited. The question raised here is whether the same rule should be applicable in a case where the injury is alleged to have been wilful and wanton; in other words, does the presumption apply in the latter case as well as in a case of mere negligence? Whether the presumption will arise in any case will depend upon the plaintiff's establishing such facts as will show that the defendant owed to the person injured some duty. *Holland* v. *Sparks,* 92 *Ga.* 753 (18 S. E. 990). As to a trespasser on the track of a railroad company, it is the general rule that the company's agents owe him no duty until his presence upon the track becomes known to them, but where circumstances exist from which they are bound to anticipate that a person may be upon the track

at a certain place, they are under a duty to take precautions for his safety. *Western & Atlantic R. Co.* v. *Davis,* 21 *Ga. App.* 461 (3) (94 S. E. 660); *Chattanooga Ry. & Light Co.* v. *Wallace,* 23 *Ga. App.* 554 (1) (99 S. E. 57). Where the plaintiff once establishes such duty upon the part of the railway company, he will then be entitled to the benefit of the presumption, even though it is alleged that the injury was wilfully and wantonly inflicted. See *Tice* v. *Central of Georgia Ry. Co.,* 25 *Ga. App.* 346 (1 *f*) (103 S. E. 262). Otherwise not.

In *Georgia Ry. & Power Co.* v. *Turner,* 33 *Ga. App.* 101 (3) (125 S. E. 598), a case in which the plaintiff sought damages for his wrongful ejection from a street-car and in which no negligence of the company was involved, this court held: "Where in such a case the evidence authorized the inference that the plaintiff was a passenger, and had not forfeited any of his rights as such, but was nevertheless ejected by the defendant carrier's conductor, the trial court committed no error in giving in charge the principle contained in the Civil Code (1910), § 2780, with respect to the presumption which arises against a railroad company under certain circumstances. This section, where the facts otherwise so justify, may be given in charge not only where the action is founded upon negligence, but also where it is founded upon 'misconduct' on the part of the carrier's servants. Compare § 2779. See, also, *Savannah &c. Ry. Co.* v. *Godkin,* 104 *Ga.* 655 (2) (30 S. E. 378, 69 Am. St. Rep. 187); *Georgia Railroad* v. *Homer,* 73 *Ga.* 251 (6); *Atlantic Coast Line R. Co.* v. *Thomas,* 14 *Ga. App.* 619 (3) (82 S. E. 299); *Central &c. Ry. Co.* v. *Cannon,* 106 *Ga.* 828 (1) (32 S. E. 874)." In addition see *Smith* v. *Savannah &c. Ry. Co.,* 100 *Ga.* 96 (27 S. E. 725); *Kendrick* v. *Seaboard Air-Line Ry.,* 121 *Ga.* 775 (49 S. E. 762).

In the *Turner* case, supra, the plaintiff established his injury by the company's conductor and facts which would have authorized the jury to find that the defendant owed him that care which a carrier owes to a passenger. He was then entitled to an instruction that the presumption was against the company, although the petition alleged no negligence, but complained merely of "misconduct."

In *Lanier* v. *Bugg,* 32 *Ga. App.* 294 (2) (123 S. E. 145), in which it was said, "No presumption of wilfulness or wantonness

can arise against the company under the Civil Code, § 2780," the plaintiff failed altogether to show that the railway company owed to the person killed any duty whatever other than that which every man owes to another not to injure him wilfully and wantonly. We think each of the excerpts complained of was error, but whether they were prejudicial or material under the record of the particular case need not be decided, since a new trial results under our ruling in the first division. We deem it sufficient to lay down what we think are the correct principles for the guidance of the court below upon the next trial, according to the issues as they may then develop.

A further assignment of error in the motion for new trial is too general to present any question for decision.

*Judgment reversed on the cross-bill of exceptions; main bill dismissed. Jenkins, P. J., and Stephens, J., concur.*