Southard *v.* Smyth.

one of the means necessary, as well as suitable and proper, to carry the vote into effect.

*Judgment · for plaintiff.*

<hr>

EDWARD R. SOUTHARD & *al.* *versus* ROBERT M. N. SMYTH & *als.*

By St. 1834, c. 617, the trustee must disclose, and the Court must determine his liability upon such disclosure, before he is entitled to give in evidence such adjudication in the trial of a cause between him and his creditor.

Where exceptions have been filed to the acceptance of the award of referees, and the report has, after a continuance of the cause, been accepted by the Court, interest will not be allowed on the sum awarded, in making up judgment.

THIS was an award of referees which came before the Court for their acceptance.

The defendants objected to the acceptance of the award, because certain claims which were laid before the referees by the defendants, on which the defendants had been summoned as trustees of the plaintiff, had been disallowed. It appeared that the defendants offered at the trial before the referees, three writs, founded on judgments in favor of certain individuals, against said Southard, in which the defendants had been summoned as trustees of said Southard; and that the defendants had been defaulted as his trustees. The writs and the executions issued on the judgments on which the suits were brought, were before the referees. The referees rejected those claims, it not appearing that there had been any disclosure, nor that they were then pending.

The referees, being examined, stated, that they were informed that if the defendants should be chargeable, the Court to which the rule was returnable, would deduct the amount due from the award.

The defendants produced before the referees an order drawn by the plaintiff on these defendants, and by them accepted, in which the plaintiffs had indorsed an agreement that it should

be paid after the referees should make their report. This was disallowed.

The defendants proved, before the referees, the presentment of a receipt purporting to be drawn by Mr. Emerson, one of the plaintiffs ; but this sum was disallowed.

Upon this evidence, EMERY J. before whom the report was offered for acceptance, ordered that the same be accepted ; to which the defendants' counsel filed exceptions.

At the argument of the questions of law in this case, the plaintiffs claimed interest on the award from the time of its acceptance ; but this claim was resisted by the defendants.

*Rogers* and *Washburn*, for the defendants. The claims presented by the defendants, should have been allowed. Judgment having been obtained against them as trustees, they will be obliged to pay the debt twice, unless the amount for which they have been adjudged trustees shall be deducted from the claims of the plaintiffs. These judgments being seasonably presented, should have been allowed as a bar to their amount. *Smith* v. *Barker & al.* 1 Fairf. 458 ; *Howell* v. *Freeman*, 3 Mass. R. 121 ; *Kidd* v. *Shepherd*, 4 Mass. R. 238. A judgment on trustee process is a bar, as well before as after satisfaction. *Mathews* v. *Houghton*, 2 Fairf. 377 ; St. 1821, c. 61 ; *Clark* v. *Brown*, 13 Mass. R. 272.

If these judgments against the trustees would have been a bar at law, the referees should have allowed them. By St. 1834, c. 617, § 1, these judgments may be given in evidence. This Statute does not alter the law. It merely affects costs. If the actions had been continued, these judgments must have been allowed. The referees acted under a mistake of the law ; and when that is shown to be the case, the award should be set aside. *Kent* v. *Elstob*, 3 East, 18 ; 2 Tidd's Pr. 894 ; Kyd on Awards, 351 ; *Aubert* v. *Maze*, 2 B. & P. 371 ; *Jones* v. *Boston Mill Cor.* 6 Pick. 148.

*Cutting*, for the plaintiffs. The judgment of the referees is conclusive upon the matters submitted. *Kleine* v. *Catara*, 2 Gall. 61 ; *North Yarmouth* v. *Cumberland*, 6 Greenl. 25 ;

Kyd, 185; *Shepherd* v. *Watrous*, 3 Caines,167; *Walker* v. *Sanborn*, 8 Greenl. 288; *Smith* v. *Thorndike*, 8 Greenl. 288; *Jones* v. *Boston Mill Cor.* 6 Pick. 148; *Bigelow* v. *Newell*, 10 Pick. 348.

There was no error in the decision of the referees. To have availed themselves of St. 1834, c. 617, they should have disclosed, so that both parties should have the benefit of it. They neither disclosed, nor offered to disclose, nor asked for a continuance.

By THE COURT. — The referees, at the time of the hearing of the cause before them, had no right to make any allowance for the judgments against the defendants as trustees. They had never been adjudged trustees upon a disclosure made by them, and without such adjudication, they do not bring themselves within St. 1834, c. 617, § 1.

The order of Southard was not to affect the award, but was rather to be a consequence of it. It should be allowed in part payment of the plaintiffs' claim.

The plaintiffs claim interest in this case; but we do not know any legal principle by which interest is to be added to the sum awarded. The award must be accepted without interest.                    *Exceptions overruled.*