[No. 14713.   Department One. — August 15, 1892.]

## M. J. CHURCH, RESPONDENT, *v.* J. W. SHANKLIN ET AL., APPELLANTS.

MORTGAGE — CONDITION AS TO APPROVAL OF TITLE BY ATTORNEYS — VA-
LIDITY OF TITLE IMMATERIAL IN ABSENCE OF FRAUD. — In an action to
foreclose a mortgage given to secure the payment of promissory notes,
payable to the mortgagee when he should perfect the title to certain
land to the satisfaction of certain attorneys named, where it appears
that the attorneys named rejected the title, and there is no allegation
that their action was controlled by fraud, collusion, or undue influence,
the mortgagee cannot recover, although the court may find the title to
be in fact good.

ID. — ARBITRATION — PERFORMANCE OF CONTRACT — DECISION OF UMPIRE
— JURISDICTION OF COURT. — When parties to a contract fix upon an
umpire and agree to abide by his decision, neither of them, without the
consent of the other, can, in the absence of fraud, withdraw the ques-
tion of performance from the common arbiter for the purpose of referring
it to the decision of a court or jury.

APPEAL from a judgment of the Superior Court of
Fresno County, and from an order denyiny a new trial.

The facts are stated in the opinion of the court.

*Church & Cory,* for Appellants.

The plaintiff was not entitled to recover, as it was not
shown that the title was satisfactory to the attorneys
chosen, in accordance with the condition of the notes.
(*Brown* v. *Foster,* 113 Mass. 136; 18 Am. Rep. 465; *Aiken*
v. *Hyde,* 99 Mass. 183; *Gibson* v. *Cranage,* 39 Mich. 49;
33 Am. Rep. 351; *Wood Reaping etc. Co.* v. *Smith,* 50 Mich.
565; 45 Am. Rep. 57; *Silsby Mfg. Co.* v. *Chico,* 11 Saw.
183; *McCarren* v. *McNulty,* 7 Gray, 139; *Gray* v. *Central
R. Co.,* 11 Hun, 70; *Hallidie* v. *Sutter St. R. Co.,* 63 Cal.
575; *Heron* v. *Davis,* 3 Bosw. 336; Benjamin on Sales,
Bennett's notes, sec. 560, note 12; Wharton on Contracts,
sec. 594, note 2; *Mfg. Co.* v. *Brush,* 43 Vt. 528; *Hoffman*
v. *Gallagher,* 6 Daly, 42; *Zaleski* v. *Clark,* 44 Conn. 218;
26 Am. Rep. 446; *Tyler* v. *Ames,* 6 Lans. 280; *Butler* v.
*Tucker,* 24 Wend. 447; *Barton* v. *Hermann,* 11 Abb. Pr.,
N. S., 387; *Ehaust Elevator Co.* v. *R. R. Co.,* 66 Wis. 218;
*Packard* v. *Van Shoick,* 58 Ill. 79.) In order to en-

title the plaintiff to recover, it must be shown that the attorneys fraudulently and capriciously refused to be satisfied with the title. (*Adams* v. *New York*, 4 Duer, 295; *Wyckoff* v. *Winham*, 44 N. Y. 143; *Miller* v. *White*, 50 N. Y. 144; Lloyd on Buildings, 26, 27.)

*R. P. Davidson*, and *Firman Church*, for Respondent

In this case the gist of the condition was, that the title should be perfected, and whenever that was done the plaintiff had done all he could do, and it was the duty of the parties to be satisfied. (*Duplex Safety Boiler Co.* v. *Garden*, 101 N. Y. 387; 54 Am. Rep. 709; *City of Brooklyn* v. *Brooklyn City R. R. Co.*, 47 N. Y. 479; 7 Am. Rep. 469; *Miesell* v. *Globe Mut. L. Ins. Co.*, 76 N. Y. 119; *Wetterwulgh* v. *Knickerbocker Building Ass'n*, 2 Bosw. 381; *Folliard* v. *Wallace*, 2 Johns. 395; *People* v. *Alameda Co.*, 45 Cal. 396; *Stockton & V. R. R. Co.* v. *Stockton*, 51 Cal. 338, cited with approval in *Wood* v. *Strother*, 76 Cal. 550.)

PATERSON, J.— This is an action to foreclose a mortgage given to secure the payment of two promissory notes, for the sum of five thousand dollars each, payable by defendants to plaintiff "whenever he perfects the title to lots 14, 15, and 16, in block 85, of Fresno, to the satisfaction of Church & Cory, attorneys. . . . . Neither principal nor interest to be due and payable until said title is perfected as aforesaid, nor until one year."

The record fails to show that Church & Cory refused to express satisfaction with the plaintiff's title through any fraudulent or improper motive. The learned judge of the court below, in determining the issues between the parties, stated he would assume that the attorneys acted in the best of faith, but held that if the title was in fact good, the defendants could not refuse to pay the note because their attorneys were not satisfied with the title. In this we think the court erred. The case at bar differs in two very material respects from the cases cited by respondent, namely, there was conceded to be a

defect in the title at the time the notes were executed and delivered, requiring action on the part of the plaintiff to cure, and the arbitrators selected were not parties to the contract, but were disinterested persons chosen for the express purpose of passing upon the title. It was doubtless the object of the parties to avoid disputes and expensive litigation, — certainly some effect must be given to the stipulation contained in the agreement. To hold that the opinion of the court as to the validity of the title can be substituted for that of the arbitrators would defeat the intention of the parties, and in effect make a new contract for them. This the court has no right to do. The parties saw fit to make Church & Cory the umpires between them, and if the latter exercised their best judgment in good faith, and with an honest intention of determining the question as to the validity of the title, their conclusion is final and binding; it cannot be subjected to the revisory power of the courts without doing violence to the plain words of the contract. Suppose that Church & Cory had certified that the title was perfect, could it be maintained that the defendants could defeat a recovery on their notes by showing that in fact the title was no better than when the contract was made? We think not. In *Butler* v. *Tucker*, 24 Wend. 449, the court said: "The defendant does not set up that part of the covenant which requires the work to be done to *his* satisfaction; and in omitting to do so he has acted very properly. As to that, it would probably be enough for the plaintiff to aver that the work was in all other respects completed in pursuance of the contract; for if the defendant was not satisfied with such a performance, it would be his own fault, and as a general rule, a party cannot insist on a condition precedent when he has himself defeated a strict performance. But when parties fix on an umpire, and agree to abide by his decision, neither of them, without the consent of the other, can withdraw the question of performance from the common arbiter for the purpose of referring it to the decision of a jury." In *Wallace* v. *Curtiss*, 36 Ill. 158,

the court said: "No fraud of the inspector is suggested, and if he was deficient in judgment, not being able properly to discriminate between the different classes of lumber, it is the misfortune of the defendants in choosing him. By choosing him they relied on his judgment, and must be concluded by it, in the absence of all fraud." (See also *Kihlberg* v. *United States,* 97 U. S. 401; *Doll* v. *Noble,* 116 N. Y. 232; *Whiteman* v. *Mayor,* 21 Hun, 120; *Baasen* v. *Baehr,* 7 Wis. 520; *McCarren* v. *McNulty,* 73 Mass. 141; *Duplex Safety Boiler Co.* v. *Garden,* 54 Am. Rep. 711, note; *Worsley* v. *Wood,* 6 Term Rep. 722.)

The appellant offered to show at the trial that other reputable attorneys did not consider the title perfect, or what is known as a "merchantable title," but on objection of the plaintiff the offer was excluded. It cannot be claimed, therefore, that in rejecting the title, Church & Cory acted capriciously, which, if alleged and proved, might be taken as a badge of bad faith.

As there was no allegation in the complaint that the action of the arbitrators chosen by the parties was controlled by fraud or collusion between them and the defendants, or by undue influence of any kind, we think the demurrer ought to have been sustained. The notes, according to their terms, cannot mature, and no action therein can be maintained, until Church & Cory, acting in good faith, state that in their opinion the title has been perfected, or some sufficient reason is shown why they have not done so.

The judgment and order are reversed, and the cause is remanded, with directions to the court below to sustain the demurrer to the complaint.

HARRISON, J., and DE HAVEN, J., concurred.