[L. A. No. 1895.  Department Two.—June 7, 1907.]

EDWARD MARLOW et al., Respondents, v. SOUTHERN PACIFIC COMPANY, Appellant.

RAILROAD—ORIGINAL PURCHASER OF TICKET—EVIDENCE OF IDENTITY—RIGHT OF RAILROAD AGENT TO DEMAND.—An agreement in a railroad ticket to the effect "That I, the original purchaser, will sign my name and otherwise identify myself as such purchaser, whenever called upon so to do by any conductor or agent of the line or lines over which the ticket reads," does not make the railroad's agents the absolute arbiters of the identity of the holder of the ticket, but only entitles them to demand reasonably satisfactory evidence of identification.

ID.—WRONGFUL EJECTMENT OF PASSENGER—VERDICT OF FIVE HUNDRED DOLLARS NOT EXCESSIVE.—Where a married woman, traveling on such a ticket with her nursing child, after furnishing the agent of the railroad with all the means in her power in proof of her identity with the original purchaser, including the repeated writing of her signature, is wrongfully ejected from the train, in the night-time, at a station far from her home, without her baggage and without money, a verdict in her favor, against the company, for the sum of five hundred dollars is not excessive.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order refusing a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

J. W. McKinley, for Appellant.

Byron Waters, and Winn Wylie, for Respondents.

HENSHAW, J.—Plaintiffs brought their action to recover damages for the unlawful ejectment of Mrs. Marlow from a train of defendant upon which she was a passenger. The cause was tried before the court, which gave judgment for plaintiffs in the sum of five hundred dollars, from which judgment and from the order denying its motion for a new trial defendant appeals.

Plaintiff Edward Marlow had purchased for his wife a ticket entitling her to travel from Maricopa to Los Angeles and return. She was upon her return trip from Los Angeles to Maricopa, when she was ordered from the train by defendant's agent. Her ticket contained the following provision: "That I, the original purchaser, will sign my name and otherwise identify myself as such purchaser, whenever called upon so to do by any conductor or agent of the line or lines over which the ticket reads." This agreement was signed by Mrs. Marlow.

Appellant's first point is that there is no evidence showing that plaintiff identified herself by signature or otherwise in accordance with the terms of the ticket, and that she was therefore not entitled to passage thereon. The facts are that Mrs. Marlow was traveling with a nursing baby about a year and a half old, and that her trunk had been checked through to her destination. The train agent of defendant had asked for her signature while the train was in motion. While admitting a similarity, he expressed himself dissatisfied with a comparison which he made between the signature written for him and that upon the face of the ticket. Mrs. Marlow protested that the ticket was honestly hers, and asked for an opportunity to sign when the train was not in motion. She did so sign repeatedly, and still the train agent was unsatisfied. He asked her if she knew anybody on the train, or if there were any identifying marks upon her clothing. She knew nobody on the train and was unable to show the required identification marks. She still protested, however, that it was her ticket, declared that she had not money sufficient to pay her fare, but announced her willingness to pledge a ring, and begged to be allowed to continue her journey to Maricopa, where she assured the agent that friends

would identify her. The ticket was signed "Mrs. Edward Marlow" and the identification marks upon the ticket described the owner as "female, stout, middle-aged, light eyes, dark hair." That the plaintiff had in charge a nursing baby was at least some evidence that she was a married woman, and it is not contended that in person she did not meet the description above given. Nevertheless, and despite her protest, her ticket was taken by the train agent and was reported to the conductor, and it became the conductor's duty to cause her to leave the train, which unpleasant duty he performed with courtesy. Mrs. Marlow was thus left at Colton with the care of a nursing, frightened, crying child, without her trunk, and without money. She was aided in telegraphing to her husband and in obtaining a night's lodging.

These facts present a different case from that of *Southern Ry. Co.* v. *Barlow,* 104 Ga. 213, [69 Am. St. Rep. 166, 30 S. E. 732], cited by appellant. That case holds merely. that under a contract such as this, a validating agent who was not satisfied with the signature alone was justified in requiring other evidence of identity, and that the mere opinion of a hotel clerk as to the genuineness of the signature was no better evidence than the signature itself. *Central Georgia Ry. Co.* v. *Cannon,* 106 Ga. 828, [32 S. E. 874], a case also relied upon by appellant, was one where the plaintiff, against the advice of the agent, printed his name on the ticket instead of writing it in the first instance, thereby making it impracticable to identify himself by writing. The court very properly declared that it was incumbent upon such purchaser as a condition precedent to having the ticket signed and stamped, to furnish such proof of his identity, and of the fact that he was the original purchaser, as would be sufficient to satisfy a reasonable man, and that under such a contract the validating agent was entitled to call for other proof of identity than that offered merely by the holder writing his name. Certainly the evidence, as above pointed out, presents an entirely different case from those referred to, and furnishes what should have been sufficient assurance of plaintiff's right to travel.

Under this contract the agents of defendant were not made the absolute arbiters, as appellant contends, upon the

CLI Cal.—25

authority of *Church* v. *Shanklin,* 95 Cal. 626, [30 Pac. 789].
The utmost which the agents could require was reasonably
satisfactory evidence of identification.   *Church* v. *Shanklin*
was a case under contract whereby title to real estate was to
be perfected "to the satisfaction of Church & Cory, attor-
neys," and this court held that the expression of their satis-
faction with the title was what the parties had stipulated
should be had, and that Church & Cory thus became umpires
and arbiters whose judgment was final.   Such, as we have
said, is not the case here presented, nor will it be said that
under the circumstances indicated the judgment was excessive.

The judgment and order appealed from are therefore
affirmed.

McFarland, J., and Lorigan, J., concurred.