[Civ. No. 5284.   Fourth Dist.   Dec. 14, 1956.]

CORINNE GERARD, Appellant, v. SHERMAN E. SALTER, Respondent, and consolidated case.

Monroe & Chula and George H. Chula for Appellant.

Tobias & Whitlock and George H. Tobias for Respondent.

GRIFFIN, J.—This appeal concerns the validity of awards of a board of arbitrators and the court's order confirming the awards, in consolidated actions Numbers 62436, *In the Matter of the Arbitration between Sherman E. Salter and Corinne Gerard,* and action Number 62557, *Corinne Gerard* v. *Sherman E. Salter.* The arbitration concerned numerous matters arising out of the contractual work of the builder, respondent Salter, in the construction of a building for the appellant Gerard. The contract was signed on May 2, 1953, for the construction of a commercial building in Laguna Beach. Disagreements arose as to the charge for extras, the quality of workmanship and related matters. Under a provision in the original contract each party appointed one arbitrator who in turn appointed a third. They consisted of one Clarke, Hodgdon and Anderson. The builder claimed approximately $2,000 for extras. On December 10, 1953, they determined that Salter was entitled to a total of $1,760.09, less certain credits, leaving the amount of $1,262.29 due the contractor. They made their award in writing and delivered it to the parties. On March 30, 1954, Salter filed an application in the superior court for an order confirming the award of the arbitrators. Appellant Gerard made certain objections thereto and the matter came on for hearing before the trial court. It was stipulated that the entire matter be referred back to the same arbitrators for reconsideration and consolidation with case Number 62557 which was an action for damages for $8,000 for breach of contract, claiming that the building had not been built in a proper manner and the contractor had failed to complete it within the time prescribed. The stipulation was not too specific but the court's minutes show that it was stipulated and ordered that the two cases be consolidated and treated as one matter and that the parties proceed under the arbitration sections of the code (Code Civ. Proc., § 1280 et seq.). The reporter's transcript shows that respective counsel agreed that the same arbitrators be used and that all matters having heretofore been gone into and all new matters raised in the separate action be submitted to them and they were then to make their findings and report back to the court on the entire matter. Thereafter the three arbitrators met at various places, including the building itself, took evidence for several days, and many witnesses were sworn and examined. It was agreed by them that the former award of $1,262.29 in case Number 62346 for extras, would

stand and made written findings to this effect. The findings then recite that the arbitrators have not reached a unanimous decision with regard to the question of Mrs. Gerard's claim arising under case Number 62557, and in this regard two members of the board of arbitration, Hodgdon and Anderson, found that the owner, Mrs. Gerard, was not entitled to any of those claims since it was their opinion that Mr. Salter performed all the work in a manner required of him to be done according to his contract and according to the plans and specifications which are a part of the contract; that the other member of the board, Clarke, reserved the right to hand in a minority decision or report on this question. "Therefore, a majority of the Board hereby agrees that the owner, Mrs. Gerard, is not entitled to any damages from the contractor." All did agree on the amount of fees each arbitrator should have but made no mention of attorneys' fees, interest or other costs. This finding was *signed* by all three arbitrators, although it was not *acknowledged* by Clarke. No minority report was filed by Clarke. On motion to confirm the awards and to fix attorneys' fees, objections were filed by appellant claiming that the question of damages in action Number 62557 was outside the scope of the power of the arbitration board, outside of the provisions of the original contract regarding arbitration, and that appellant believed the arbitration agreement required that the award of damages in this case, if any, must be agreed upon by all three arbitrators; that this award was secured through fraud; that arbitrators Anderson and Hodgdon were guilty of misconduct and were biased and prejudiced and that they all met, as arbitrators, and in effect agreed that they would take no action on the damage element of the case but would refer that matter back to the court, and without the consent or knowledge of one arbitrator, the other two entered a new and different decision denying damages. Further objection was made that the allowance of $750 as attorneys' fees was excessive and unauthorized. Evidence was taken by the trial court on the objections made and the award was affirmed as reported by the arbitrators. Interest was allowed by the court from December 10, 1953, the date of the first award by the arbitrators in case Number 62436, including an allowance of $750 as attorneys' fees. Appellant claims on this appeal that the court erred in so doing.

We see no merit to the first claim that the arbitrators had no power or jurisdiction to determine the issues presented

by the agreement and the subsequent stipulation and order of the court respecting the damage action. The issues were fairly submitted by stipulation to arbitrators for determination under section 1280 et seq. of the Code of Civil Procedure. No action was ever taken in the court by appellant to be relieved of the stipulation. No sufficient revocation is indicated as suggested by section 1280 of the Code of Civil Procedure. A hearing was had, findings were made, and the court, after a full consideration of the entire matter, adopted those findings and rendered judgment in accordance with them. ■ Once a controversy is submitted to arbitration, it remains before the arbitrators until they have completed their determination of the matter, unless the parties mutually agree to withdraw it. ■ Thus, when the parties agree upon an umpire and to abide by his decision, neither of them, without the consent of the other, may, in the absence of fraud, withdraw the question of performance from the common arbiter for the purpose of referring it to a court or jury. (5 Cal.Jur.2d 100, § 26; *Church* v. *Shanklin*, 95 Cal. 626 [30 P. 789, 17 L.R.A. 207].)

Complaint is next made that the award was not made by all three arbitrators. If appellant's stipulation could be interpreted, as may well be, that the arbitrators were proceeding under the original written agreement pertaining to the appointment and service of the arbitrators in respect to both actions, by its very terms, the finding of two out of three of their number was sufficient. ■ If appellant relies upon the statute indicated in the stipulation, section 1053 of the Code of Civil Procedure is also applicable. It provides that when there are three arbitrators all must meet, but two of them may do any act which might be done by all. In the absence of any contractual agreement or stipulation of submission between the parties on the subject, the statutory provisions would be applicable. (*Pacific Fire Rating Bureau* v. *Bookbinders, etc. Union,* 115 Cal.App.2d 111, 114 [251 P.2d 694]; *Bierlein* v. *Johnson,* 73 Cal.App.2d 728, 733 [166 P.2d 644]; 5 Cal.Jur.2d 102, § 30; Code Civ. Proc., § 15; *Griffith Co.* v. *San Diego College for Women,* 45 Cal.2d 501 [289 P.2d 476].) Besides this, there was competent evidence produced at the hearing to show that appellant was apprised of this fact by her then attorney when she inquired of the arbitrators as to the necessary number required to make a finding as to the damages sustained, and no further objection was made. There is no evidence of fraud.

■ The claim that two of the arbitrators were guilty of misconduct and were biased and prejudiced is predicated upon the testimony of a contractor who was a witness at the hearing before the arbitrators. He said arbitrator Anderson approached him after he gave testimony and "in effect, said he did not know how a builder could testify against another builder" and that the witness said he had merely presented the facts. This testimony, as well as any showing of prejudice or misconduct, was repudiated by affidavits of other persons. A mere conflict in the evidence was presented. The trial court held in favor of respondent in this respect. It therefore cannot be considered on this appeal. (*Estate of Bristol*, 23 Cal.2d 221, 223 [143 P.2d 689] ; *Griffith Co.* v. *San Diego College for Women, supra.*)

■ There is some confusion in the record as to a claim by appellant that one arbitrator based his decision upon a misconception of the law and that all agreed upon a decision not to pass upon the damage question but to refer it back to the court. It is the testimony of Arbitrator Clarke, appointed by appellant, that Arbitrator Hodgdon based his decision upon a misconception of the law because he said, during the deliberation, that he was informed that according to law if there is no penalty in the contract there could be no damages. The record shows that if he did make such statement he was evidently corrected in his belief by his coarbitrator Clarke, an attorney at law, and that he subsequently made the award indicated. There is no showing that his decision was, in fact, based upon such claimed misconception.

Apparently there was considerable discussion about the damage question and it may have been indicated, at one time during the proceedings, that this question was too involved and the better course would be to refer it back to the court and a proposed award was so prepared. However, the record shows, in the signed award served on the parties and returned to the court, that the question was considered and at least two of them later determined that appellant suffered no damage. It is appellant's claim that all arbitrators were not present when a different decision was arrived at; that his arbitrator did not participate therein, and accordingly under section 1286 of the Code of Civil Procedure there was not a unanimous participation in consulting and deliberating upon the award rendered, since there was a previous decision as to what disposition would be made of

the reference. According to the record before us the findings and award seem to be *signed* by all three of the arbitrators with the exception noted in it as to the denial of damages. The trial court took evidence on this subject and found specifically that the arbitrators "considered all matters in both of the above-entitled cases in accordance with the stipulation and order of court and their findings were duly signed and acknowledged by a majority of them," and affirmed the award. It may well appear from the facts related, notwithstanding the testimony of Clarke, that a majority of the arbitrators did in fact meet and consider the question involved and two did agree upon an award as indicated.

█ The fact that one disagreed with the award and indicated a desire to make a different report, but failed to do so, would not necessarily show that no consideration was given to the subject matter by the entire board, even though a previous decision may have contemplated some other action. The finding of the trial court is supported by the evidence. (*Cecil* v. *Bank of America*, 141 Cal.App.2d 905 [297 P.2d 810].)

Some complaint is made because the trial court refused to receive in evidence, at the hearing on motion to confirm, many exhibits received in evidence before the arbitrators. Their relevancy is not apparent except to show on their face, as appellant contends, that there was in fact some cracking in the concrete slab; that the workmanship was poor, and other similar claims. This evidence was all considered and passed upon by the arbitrators. The other evidence produced before them was not before the court. The admission of the exhibits offered might well call for a reexamination of the entire evidence. █ On a general or unqualified submission to arbitration the trial court is not authorized to review the entire evidence to see if it supports the award except in case of fraud, or similar misconduct, or unless the error appears on the face of the award. █ It is the general rule that the merits of a controversy between the parties are not subject to a judicial review. (*In re Frick*, 130 Cal.App. 290, 292 [19 P.2d 836] ; *Crofoot* v. *Blair Holdings Corp.*, 119 Cal.App. 2d 156, 165 [260 P.2d 156] ; *Griffith Co.* v. *San Diego College for Women, supra*; *Loving & Evans* v. *Blick*, 33 Cal.2d 603, 609 [204 P.2d 23].)

The court allowed interest from December 10, 1953, the date of the first award of the arbitrators finding that $1,262.29 was due. It is appellant's argument that this award did not

specify that respondent was entitled to interest and the court's finding in this respect cannot be sustained since it would be different from the award, citing 6 Corpus Juris Secundum 263, section 112. This award, arising out of the arbitration agreement, was resubmitted to the arbitrators by stipulation and order of the court, and a further award was made in respect to both cases on December 16, 1954. It was approved by the court and judgment was entered thereon on July 1, 1955. The arbitration agreement makes no provision for payment of interest but provides that the arbitrators, if they deem that the case demands it, are authorized to award to the party whose contention is upheld, such sums as they shall deem proper for the time, expense and trouble incident to the appeal, and shall fix their own compensation and assess costs and charges of the arbitration upon either or both parties. It then provides that should either party bring suit in court to ''enforce the terms thereof any judgment awarded shall include court costs and reasonable attorneys' fees to the successful party.'' The question then presented is when did the right to interest arise from the facts stated.

It is the general rule that where there is no contract to pay interest, the law awards interest upon money from the time it becomes due and payable, if such time is certain or can be made certain by calculation, and that in the absence of agreement or statute to the contrary, interest is not recoverable on an unliquidated demand but is allowable only after it had been merged in a judgment. ▪A judgment bears interest from the date of its entry. (14 Cal.Jur. p. 678, § 5; 47 C.J.S. p. 28, § 19.)    Here the amount claimed due was in dispute and uncertain. The first award was, in effect, set aside and resubmitted to the arbitrators, and any sum due respondent under that award may well have been offset against appellant's claim in her damage action. Therefore, the amount of the final award was undetermined and uncertain until the date of the second award on December 16, 1954, which award, by the action of the parties, remained subject to the approval of the court. We conclude that the order of allowance of interest from December 10, 1953, was unauthorized and should be stricken and the court directed to allow interest from the time of the entry of judgment. (47 C.J.S. p. 68, § 59; *Southard* v. *Smyth*, 19 Me. 458.) There is some authority to the effect that where the entry of judgment on the award is delayed by proceedings taken by the opposing

party, the judgment may include interest on the award from the time of entry of judgment, but the delay here appears to be mutual. (See also 47 C.J.S. p. 32, § 20.)

Respondent's counsel petitioned the court to confirm the award and to allow $750 attorneys' fees. It was alleged in the petition that the attorneys' services consisted of preparation work and attendance before the board of arbitrators from October, 1953, to the present date. The attorney testified before the court that he spent 65 hours on the entire matter, which included time spent in making demands under the contract, assisting his client in preparing his testimony and conducting the hearing before the board of arbitrators, filing the first request for confirmation and filing the answer in case Number 62557. Of the hours claimed it appears that about 19 hours were spent on matters in the court hearing, and the balance were spent in preparation and attendance before the arbitrators. Under the contract the arbitrators are authorized, as above stated, to award such sums as they deem proper for expense and trouble incident to the appeal. No such allowance was made in the award. Attorneys' fees under the contract were only allowable if either party brought suit "in court to enforce the terms hereof any judgment awarded shall include court costs and reasonable attorneys' fees to the successful party."

Since the arbitrators made no allowance for attorneys' fees for either party the trial court, in the absence of any other agreement or statute so providing, could not increase the amount of the award to cover the cost of attorneys' services rendered to the parties in the arbitration proceeding. It is apparent that this provision of the contract related to reasonable attorneys' fees in the court proceeding.

It may be questioned whether the provision of the original contract in reference to arbitration would be applicable in respect to the determination of the damage action. If not, no attorneys' fees would be allowable in the separate damage action. If applicable the parties are bound by these provisions in respect to the entire award.

We conclude that the trial court erroneously allowed attorneys' fees in the amount indicated, predicated upon services rendered other than in the court proceedings involving the confirmation of the award.

The judgment in respect to the allowance of interest and

attorneys' fees in the sum of $750 is reversed and a further hearing ordered on these issues alone. The remaining portion of the judgment is affirmed.

Each party to pay own costs on appeal.

Barnard, P. J., and Mussell, J., concurred.