WALDEN, Judge
(dissenting):
The protagonists are the City and a contractor. They entered into an agreement for the construction of four pumping stations, “Main,” “B”, “D” and “School.” They specifically agreed:
“The owner reserves the right to order the contractor to install necessary sheeting and bracing at the contractor’s expense, if in the Engineer’s opinion sufficient and proper bracing has not been provided . . . where the neat construction lines of structure and appurtenances are in close proximity to existing structures, such as bulkheads, payments, curbs and gutter, existing utilities or limited by the location of property lines, tight sheeted cofferdams will be required.” (Emphasis supplied.)
It was further agreed that the contractor would be held responsible for having “examined the site, the location of all proposed work and for having satisfied himself as to the character, and location of the site.”
Work began. The engineers notified the contractor to use sheet steel piling in the construction of “Main” and “D” pumping stations. The contractor complied without challenge to the engineer’s opinion.
Upon completion, the contractor sued the City for the additional cost of the piling.
The trial court found in the appealed judgment that the directive requiring the installation of piling at the “Main” station was unreasonable and arbitrary, while the directive was reasonable as to “D” station. Thereupon, the contractor was recompensed for the cost of piling at “Main” station by judgment of $14,742.20, plus interest and costs, against the City.
*862 The City appeals. I would reverse with directions to enter judgment for the City as to all claims of the contractor.
As a general rule where the question of performance of a contract is left to a third person, and where such third person Has exercised the discretion vested in him, the court will not intervene in the absence of proof that his decision was arbitrary, capricious or tainted with fraud. Jones v. Fowler, 185 So. 40 (La.App.1938); see 17 Am.Jur.2d, Contracts § 369. In other words, when parties agree upon an umpire to abide by his decision, neither of them, without the consent of thes other, may in the absence of fraud withdraw the question of performance from the common arbiter for the purpose of referring it to a court or jury. See Gerard v. Salter, 146 Cal.App.2d 840, 304 P.2d 237. In Pacific Far East Line, Inc. v. United States, 394 F.2d 990, 184 Ct.Cl. 169 (1968), the court stated:
“A party vested with contractual discretion must exercise this discretion reasonably and may not do so arbitrarily or capriciously. . . . This court will grant relief where contractually exercised discretion is abused . . . but there can be no relief from an erroneous judgment exercised in good faith pursuant to valid discretionary power.” Id. at 998.
The contract was silent as to any requirement that the engineer conduct any specific tests or employ any criteria in deciding the necessity for piling. Such terms could have been provided if the contractor had any misgivings as to the competency or good faith of the consulting engineer.
To the contrary the contractor, itself, was by contract proviso responsible for site examination and knowledge of the character of the site. With this knowledge, it is my thought that the contractor was remiss, if aggrieved by the engineer’s decision, in not making specific timely objection prior to embarking upon the piling work, and this upon pain of having been deemed to waive any right, supposing it had one, to later object.
Even though the trial court, based upon conflicting evidence, could be deemed correct by making hindsight judgment that the engineer’s directive requiring piling at “Main” station was wrong, that finding is of no moment. This is true because, as here, the decision was simply an erroneous judgment exercised in good faith pursuant to a valid discretionary power. Pacific Far East Line Inc. v. United States, supra.
For these reasons I do respectfully record this dissent.