Filed 11/25/24  Milder v. ADR Services CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| ANDREW MILDER, | B320376 |
| Plaintiff and Appellant, | (Los Angeles County Super. Ct. No. 20STCV40133) |
| v. | |
| ADR SERVICES INC., et al., | |
| Defendants and Respondents. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Teresa A. Beaudet, Judge.  Affirmed.

Nathaniel Maranwe for Plaintiff and Appellant.

Kaufman Dolowich, Andrew J. Waxler, Brian D. Peters, and Cynthia D. Kinney for Defendants and Respondents.

Plaintiff and appellant Andrew Milder (plaintiff) initiated arbitration against his former attorney and her law firm. As the proceedings unfolded, plaintiff advised he intended to withdraw from the arbitration, but the arbitrator held a hearing in his absence and issued an award in favor of the attorney and law firm. Plaintiff then sued the arbitrator, retired judge Michael D. Marcus (Judge Marcus); the arbitration provider, ADR Services, Inc. (ADR Services); and ADR Services' chief executive, Lucie Barron (Barron) (collectively, defendants). In this appeal from the trial court's order sustaining defendants' demurrer and dismissing the action, we are asked to decide whether the trial court properly determined plaintiff's claims are barred by the doctrine of arbitral immunity.

## I. BACKGROUND

### A. *The Allegations of Plaintiff's Operative Complaint*

In his operative second amended complaint, plaintiff alleges attorney Shawn Holley (Holley) and her law firm, Kinsella Weitzman Iser Krump & Aldisert (KWIKA) represented him in a criminal matter. Plaintiff executed a retainer agreement with a procedure for resolving disputes. As pertinent here, the retainer agreement required that all disputes be resolved by submission to binding arbitration, with the prevailing party to recover attorney fees.

Plaintiff initiated arbitration against Holley and KWIKA after they moved to be relieved as plaintiff's counsel in the criminal matter. The matter was submitted to ADR Services for arbitration. Before an arbitrator was appointed, plaintiff's attorney informed ADR Services and counsel for Holley and KWIKA "that [he] would be filing a civil action and requested

2

ADR Services to stay the arbitration proceedings pending the outcome of that Superior Court proceeding." Holley and KWIKA objected, and "the ADR Services case manager . . . informed all parties that '[ADR Services] cannot make any unilateral decisions. To move forward, we need agreement from all parties.'"

Plaintiff subsequently "exercised his legal right to withdraw from the arbitration proceeding he had commenced" by filing a complaint against Holley and KWIKA in the Los Angeles County Superior Court.[1]

A few weeks after plaintiff filed his lawsuit against Holley and KWIKA, ADR Services appointed Judge Marcus to serve as arbitrator of the previously initiated arbitration. Judge Marcus made disclosures consistent with a "non-consumer arbitration." Plaintiff argued the matter should have been classified as a consumer arbitration under the governing statutes, and a representative of ADR Services advised the parties that "ADR Services . . . has no authority to make the determination as to whether this matter should be designated as a consumer or non-consumer case. [¶] Therefore, the parties are requested to make

---

[1] In addition to seeking substantive relief against Holley and KWIKA, plaintiff sought a declaratory judgment that the retainer agreement's arbitration provision was void. The trial court held a hearing on plaintiff's claim that he was fraudulently induced to agree to the arbitration provision, entered judgment for Holley and KWIKA, and granted Holley and KWIKA's post-judgment motion for $241,048.50 in attorney fees. This court affirmed the judgment and attorney fees award. (*Milder v. Holley* (Dec. 16, 2021, B298984, B303175) [nonpub. opn.].)

a motion to the court to make the determination. ADR Services . . . will abide by the [c]ourt's decision."

Judge Marcus directed Barron, "the Chief Executive Officer and majority shareholder of ADR Services," to schedule a status conference in the arbitration. The arbitration proceeded in plaintiff's absence and concluded with an award of $79,598.48 in fees and costs to Holley and KWIKA.

Among other things, plaintiff alleges defendants had no "jurisdiction or legal authority to unilaterally initiate an arbitration proceeding" after plaintiff communicated his intention to withdraw from the arbitration. Plaintiff's complaint also asserts "the [California] Arbitration Act [(Code Civ. Proc.,[2] § 1280 et seq.)] prohibits a private arbitration company . . . or a private arbitrator . . . from administering a consumer arbitration when the arbitration provision includes a fee-shifting provision in the retainer agreement . . . ."

The specific causes of action asserted against defendants in plaintiff's operative complaint are: violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.), violation of the False Advertising Law (Bus. & Prof. Code, § 17500 et seq.), violation of the Consumer Legal Remedies Act (Civ. Code, § 1750 et seq.), and deprivation of property without due process of law in violation of 42 U.S.C. § 1983.

### B. Defendants' Demurrer

Defendants demurred to plaintiff's complaint and contended each cause of action is barred by the common law

---

[2] Undesignated statutory references that follow are to the Code of Civil Procedure.

4

doctrine of arbitral immunity.  In opposition to the demurrer, plaintiff argued arbitral immunity does not apply because defendants "acted in excess of arbitral jurisdiction by recommencing a binding arbitration after plaintiff lawfully withdrew from the arbitration."

The trial court sustained defendants' demurrer without leave to amend.  The court determined the doctrine of arbitral immunity applies and emphasized the lack of authority for the proposition that "commencement of arbitration followed by a party's attempt to withdraw from the arbitration means the arbitrator acted in the absence of jurisdiction . . . ."

Shortly after the trial court issued its order sustaining the demurrer, this court issued an opinion in *Milder v. Holley* (Dec. 16, 2021, B299122) [nonpub. opn.] reversing a judgment confirming the arbitration award and remanding the matter "for the trial court to enter a new and different order correcting the arbitration award by striking the award of attorney fees and costs and, so modified, confirming the arbitration award."  This court held Judge Marcus lacked authority to order plaintiff to pay Holley and KWIKA's fees and costs when he lost in the arbitration because certain provisions of section 1284.3 governing consumer arbitrations applied.

Plaintiff subsequently moved for a new trial in this case, arguing that this court's determination that the arbitration was a consumer arbitration implies defendants acted without jurisdiction.  The trial court declined to set a hearing on the new trial motion because such a motion is permitted only after a trial and decision by a jury, court, or referee.  After the trial court entered a judgment of dismissal, plaintiff filed another motion for

5

a new trial.  The trial court denied the motion, again concluding that arbitral immunity applies.

## II. DISCUSSION

Plaintiff contends defendants are not entitled to arbitral immunity because they "'acted in the clear absence of all jurisdiction'" (*Howard v. Drapkin* (1990) 222 Cal.App.3d 843, 851) in resolving his dispute with Holley and KWIKA.  He argues this case falls within this "clear absence of all jurisdiction" exception to immunity because he withdrew from the arbitration and because the retainer agreement included an illegal fee-shifting provision.  Neither argument has merit.  There is no clear law establishing a party who commenced arbitration may unilaterally withdraw, and a fee-shifting provision does not impact the arbitrator's fundamental jurisdiction.

### A.     *Overview of Arbitral Immunity*

"Arbitrators have been extended the protection of judicial immunity, because they perform "'the function of resolving disputes between parties, or of authoritatively adjudicating private rights.'"  [Citations.]" (*In re Marriage of Assemi* (1994) 7 Cal.4th 896, 909; accord *Moore v. Conliffe* (1994) 7 Cal.4th 634, 650 ["[the] rule—immunizing arbitrators in private contractual arbitration proceedings from tort liability—is well established in California"]; see also *Stasz v. Schwab* (2004) 121 Cal.App.4th 420, 431 ["'Arbitral immunity, like judicial immunity, promotes fearless and independent decision making'"].)  This immunity also extends to organizations that sponsor arbitrations.  (*Stasz, supra*, at 433.)

6

"The concept of judicial immunity is long-standing and absolute, with its roots in English common law. It bars civil actions against judges for acts performed in the exercise of their judicial functions and it applies to all judicial determinations, including those rendered in excess of the judge's jurisdiction, no matter how erroneous or even malicious or corrupt they may be. [Citations.] The judge is immune unless 'he has acted in the clear absence of all jurisdiction. [Citations.]' [Citation.]" (*Howard, supra*, 222 Cal.App.3d at 851, fn. omitted.)

An arbitrator acts in the clear absence of all jurisdiction "only if the record before the arbitrator is 'so deficient on [its] face as to signal a "clear absence" of jurisdiction.' [Citation.]" (*Stasz, supra*, 121 Cal.App.4th at 442.) The wrongful exercise of jurisdiction does not alone suffice to trigger this exception to arbitral immunity. (*Ibid.*; accord *Greene v. Zank* (1984) 158 Cal.App.3d 497, 507; *Frazier v. Moffatt* (1951) 108 Cal.App.2d 379, 386 ["the question of judicial immunity must be determined on the basis of whether the act in question was within the general scope of the officer's judicial powers and whether he acted in an honest belief that he was legally warranted in doing it"].) In most cases of arbitrator misconduct, the remedy is a civil action seeking to vacate the award as opposed to a complaint against the arbitrator. (*Stasz, supra*, at 442; *La Serena Properties, LLC v. Weisbach* (2010) 186 Cal.App.4th 893, 907.)

> B.    *The Arbitrator Did Not Act in the Clear Absence of All Jurisdiction by Proceeding After Plaintiff's Purported Withdrawal*

Plaintiff contends defendants lacked jurisdiction to proceed with the arbitration following his purported withdrawal because

a court order is required to compel a party to participate in arbitration and no such order was entered in this litigation. Plaintiff claims section 1282.2, subdivision (e), supports his view. The statute provides that "[i]f a court has ordered a person to arbitrate a controversy, the arbitrators may hear and determine the controversy upon the evidence produced notwithstanding the failure of a party ordered to arbitrate, who has been duly notified, to appear."

Contrary to plaintiff's view, section 1282.2, subdivision (e) does not establish a court order is necessary to proceed in the absence of a party that initiated arbitration. Rather, it sets forth one of the consequences of a court order compelling arbitration. Holley and KWIKA did not seek such an order because plaintiff is the one who initiated the arbitration, and nothing in section 1282.2 suggests Holley and KWIKA were required to obtain an order compelling plaintiff to do what he had already done. Moreover, plaintiff's reading of section 1282.2 also conflicts with established case law rejecting the idea that a unilateral right to withdraw from arbitration exists.[3] (See, e.g., *Gerard v. Salter*

---

[3] Plaintiff incorrectly believes *Engalla v. Permanente Medical Group, Inc.* (1997) 15 Cal.4th 951 holds a party may withdraw from arbitration at any time. *Engalla* did not address the plaintiffs' right to withdraw from an arbitration; the opinion for the court addressed claims that an agreement to arbitrate was fraudulently induced, the defendant waived its right to compel arbitration, and that the agreement was unconscionable. (*Id.* at 973, 982, 984.) Plaintiff's reliance on *Baar v. Tigerman* (1983) 140 Cal.App.3d 979 is likewise misplaced. Plaintiff quotes another opinion's summary of *Baar* for the proposition that a party may divest an arbitrator of jurisdiction by filing an objection to the arbitrator making an award. (*Morgan Phillips, Inc. v. JAMS/Endispute, LLC* (2006) 140 Cal.App.4th 795, 801.)

(1956) 146 Cal.App.2d 840, 844 ["Once a controversy is submitted to arbitration, it remains before the arbitrators until they have completed their determination of the matter, unless the parties mutually agree to withdraw it"]; *Arrieta v. Paine, Webber, Jackson & Curtis, Inc.* (1976) 59 Cal.App.3d 322, 329-330 [same]; *Roitz v. Coldwell Banker Residential Brokerage Co.* (1998) 62 Cal.App.4th 716, 726 [rejecting the argument "that [a party] can unilaterally withdraw its consent and nullify the arbitration"].)

Lacking any legal authority to support his contention that defendants acted in the clear absence of all jurisdiction, plaintiff suggests defendants conceded they had no authority to proceed following his purported withdrawal. Plaintiff emphasizes the ADR Services case manager's message indicating ADR Services could not "move forward" without "agreement from all parties." This suggestion, too, is incorrect. Even confining our evaluation of that statement to the limited context provided in the operative complaint, the statement does not refer to a lack of jurisdiction to proceed with the arbitration. Rather, the statement explains that defendants could not *stay* the arbitration as plaintiff requested without the agreement of all parties.

---

As explained in *Baar*, however, the objection was effective because the arbitrator's delay in rendering an award violated the arbitration contract and a related statutory deadline. (*Baar*, *supra*, at 427.)

9

C.   *The Arbitrator Did Not Act in the Clear Absence of All Jurisdiction by Conducting a Consumer Arbitration Pursuant to an Agreement that Included a Fee-Shifting Provision*

Section 1284.3, subdivision (a) provides that "[n]o neutral arbitrator or private arbitration company shall administer a consumer arbitration under any agreement or rule requiring that a consumer who is a party to the arbitration pay the fees and costs incurred by an opposing party if the consumer does not prevail in the arbitration, including, but not limited to, the fees and costs of the arbitrator, provider organization, attorney, or witnesses."  Plaintiff alleges the retainer agreement's fee-shifting provision violated this statute and defendants were therefore barred from administering an arbitration pursuant to the agreement.

As a general matter, "if a party believes the entire contractual agreement or a provision for arbitration is illegal, it must oppose arbitration on this basis before participating in the process or forfeit the claim." (*Cummings v. Future Nissan* (2005) 128 Cal.App.4th 321, 328.)  The fact that such objections are subject to forfeiture and waiver indicates they do not undermine the arbitrator's jurisdiction.  (*People v. Hoyt* (2020) 8 Cal.5th 892, 911 ["A claim of fundamental jurisdictional defect is not subject to forfeiture or waiver"]; *People v. Lara* (2010) 48 Cal.4th 216, 224-225 [explaining the difference between "[a] lack of jurisdiction in its fundamental or strict sense," which "'cannot be conferred by waiver, estoppel, or consent,'" and acts in excess of jurisdiction, which are valid until set aside, and objections to which are subject to forfeiture and waiver].)  In other words, because a party may forfeit or waive an objection based on section

10

1284.3, subdivision (a), an arbitrator who conducts an arbitration pursuant to an offending agreement does not act in the clear absence of all jurisdiction. (*Greene, supra*, 158 Cal.App.3d at 507 ["A judge is not deprived of immunity because the action he took was in error, was done maliciously, *or was in excess of his authority*"], emphasis added.)

Plaintiff, however, contends section 1284.3, subdivision (a)'s prohibition against administering a consumer arbitration pursuant to an agreement that includes a fee-shifting provision is not subject to forfeiture or waiver. Plaintiff relies on Civil Code section 3513, which provides that "[a]ny one may waive the advantage of a law intended solely for his benefit. But a law established for a public reason cannot be contravened by a private agreement." However, "[a]s our state Supreme Court pointed out, a literal construction of this statute would be unreasonable, for 'it is difficult to conceive of a statutory right enacted *solely* for the benefit of private individuals that does not also have an incidental public benefit.' [Citation.]" (*Azteca Construction, Inc. v. ADR Consulting, Inc.* (2004) 121 Cal.App.4th 1156, 1166.) As a result, courts have construed Civil Code section 3513 to "prohibit[ ] a waiver of statutory rights where the 'public benefit [of the statute] is one of its primary purposes.' [Citation.]" (*Ibid.*) Nothing in section 1284.3, subdivision (a) indicates that a party may not forfeit or waive an objection to arbitrability pursuant to an offending agreement.[4]

In addition, and apart from the jurisdictional conclusions we have drawn by recognizing the protections of section 1284.3,

---

[4]     This issue is distinct from whether a party may forfeit or waive an objection to an award of fees and costs.

11

subdivision (a) can be forfeited, legislative history materials for the statute confirm it was not intended to invalidate offending agreements in their entirety.  (Assem. Judiciary Com., Analysis of Assem. Bill No. 2915 (2001-2002 Reg. Sess.) May 7, 2002, p. 6.) Rather, section 1284.3, subdivision (a) was intended to address the possibility that a fee-shifting provision "may be so daunting as to deter the consumer from pursuing his or her case."  (*Ibid.*; see also Civ. Code, § 1599 ["Where a contract has several distinct objects, of which one at least is lawful, and one at least is unlawful, in whole or in part, the contract is void as to the latter and valid as to the rest"]; *Armendariz v. Foundation Health Psychcare Services, Inc.* (2000) 24 Cal.4th 83, 123-124.)

A construction of section 1284.3 according to which a party is entitled to initiate arbitration and later sue the arbitrator who took up the dispute would not advance this purpose.  An arbitrator who awards a prevailing party fees and costs in violation of section 1284.3, subdivision (a) acts in excess of his or her authority, but not in the clear absence of all jurisdiction.  In these circumstances, the losing party may seek to vacate the award—as plaintiff did—but the arbitrator is immune from civil liability for actions taken during the arbitration process. (*Stasz, supra*, 121 Cal.App.4th at 442; *La Serena Properties*, *supra*, 186 Cal.App.4th at 907.)

12

DISPOSITION

The judgment is affirmed.  Defendants are awarded costs on appeal.


NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS



BAKER, Acting P. J.

We concur:



MOOR, J.



DAVIS, J.*

---

\*     Judge of the Los Angeles County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.